On March 8, 1983, the Etowah County Grand Jury indicted appellant, Roger Dale Houk, for trafficking in cannabis, in violation of § 20-2-80, Code of Alabama 1975. At the conclusion of trial, the court struck count two of the indictment charging appellant with possession of marijuana. The jury returned a verdict of guilty of trafficking in cannabis, and on May 5, 1983, appellant was sentenced to seven years' imprisonment and fined $25,000.
Before trial, the court held a hearing on appellant's motion to suppress evidence seized in a search of his motel room. Johnny Grant, an investigator with the Etowah County Sheriff's Office, testified at the hearing that on March 7, 1983, at 4:00 a.m., he received a phone call at home from an informant. The informant was an individual known to Grant who had furnished reliable information leading to arrests on drug charges in the past. The informant related that Roger Houk was in room number 244 of the Traveler's 8 Motel and that he had seen a large quantity of marijuana in the room that night. He also reported that he had seen a revolver in the room and that Houk had stated that he would use the gun.
Grant went to the motel and maintained surveillance there until his partner relieved him at approximately 7:30 a.m. Grant then left and met Judge Owen outside the courthouse at about 8:00 a.m. Judge Owen authorized a search warrant based upon Grant's affidavit, whereupon Grant and four other officers, two of whom were uniformed deputies, immediately executed the warrant.
Grant, with gun drawn, knocked twice at appellant's door. Appellant said, "Who is it?" and Grant pushed the unlocked door open, announcing as he did so, "Sheriff's Department." Appellant, who was lying fully clothed on top of the bed, was ordered to get up and the officers patted him down. Appellant was given the search warrant, allowed to read it and the room was searched.
During the search the officers found an ice chest containing approximately nine pounds of marijuana and a small quantity of cocaine. In addition, they found a .38 caliber Smith and Wesson revolver, which was loaded and in a holster lying on a counter near a sink in the room.
Appellant first contends that the trial court erred in requiring him to strike a jury from a list of twenty-five names, when a larger number of potential jurors would have been available had the court held appellant's suppression hearing before requiring the parties to strike a jury. He cites §12-16-100, Alabama Code 1975 (Cum.Supp. 1982), regarding the drawing, selection, and empaneling of juries in criminal cases, and quotes the following pertinent part:
 ". . . . The number of names appearing on the strike list upon commencement of striking, unless a lesser number is agreed to by the parties, shall not be less than 36 if the offense charged is a capital *Page 117 
felony nor less than 24 if the offense charged is a felony not punished capitally. . . ."
The court supplied a list of twenty-five names from which to strike the jury. This was one name over the minimum prescribed in the statute and thus clearly is in compliance with the statutory requirement. Appellant's argument to the contrary is untenable.
Appellant asserts that the affidavit was insufficient to support the issuance of the search warrant executed against him. It reads:
 "I, Johnny M. Grant, County Investigator of Etowah County Sheriff's Department on this the 7th day of March, 1983, received information by telephone at 4:00 a.m. at my residence from an informant known to me and whose record of reliability is good in that he has provided information in the past that has led to the arrest of persons involved in the illegal sales and possession of marijuana; and such informant said that Dale Houk whose name is otherwise unknown had in his or her possession, either upon his or her person or upon the following premises Room 244 of Travelers Eight Motel located on West Meighan Blvd., Gadsden, in Etowah County, Alabama, the following items: Marijuana. The said informant stated that he acquired said knowledge by being present within past 12 hours and seeing marijuana in Room 244."
In Avery v. State, 336 So.2d 195 (Ala.Cr.App. 1976), Judge Harris, speaking for the court, made it clear that a reviewing court should use a common-sense, rather than a hypertechnical, approach to determining sufficiency of an affidavit to support a search warrant.
In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 2332,76 L.Ed.2d 527 (1983), the United States Supreme Court clarified its position on this issue, quoting the following passage fromJones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 736,4 L.Ed.2d 697 (1960):
 "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a `substantial basis for . . . conclud[ing]' that probable cause existed."
In Gates, supra, the Court expressly abandoned the rigid "two-pronged" test developed from Aquilar v. Texas,378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v.United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637
(1969), in favor of a "totality of circumstances" analysis for determining when an informant's tip establishes probable cause for issuance of a warrant. The Court observed that probable cause is a fluid concept, unsuited to rigid technical requirements, and that existence of probable cause necessarily turns upon assessment of probabilities in particular fact situations. The Court emphasized that the standard of probable cause is that of probability, not prima facie showing of criminal activity.
In its discussion the Court concluded that the result of subjecting warrants to hypertechnical scrutiny would be inconsistent with the Fourth Amendment's strong bias for searches conducted pursuant to valid warrants. The Court stated that great deference should be given to a magistrate's determination, since law enforcement officers, if fearful of breaching enigmatic technical requirements, would tend to resort to warrantless searches in hopes of relying upon some exception to the warrant requirement. The Court opined that a warrant imbues arresting or searching officers with a greater appearance of authority and assures the individual whose property is searched or seized of the lawful authority of the executing officers, their need to search, and the limits of their power to search, and that the individual perceives *Page 118 
police procedures against him as less intrusive. Gates, supra,103 S.Ct. at 2331.
We have carefully considered the affidavit in this case and we find that it meets the totality of the circumstances test as set out in Illinois v. Gates, supra. The informant's reliability was attested to by the affiant, and there was sufficient detailed information supplied by the informant from which to conclude that there was a substantial basis for the magistrate's determination that probable cause existed for the issuance of a search warrant.
Appellant contends that the trial court committed reversible error when, at the suppression hearing, it refused to allow defense counsel to question Officer Grant concerning what the informant told him concerning an individual in another room in the same motel.
Where defendant makes an initial showing that there has been a misrepresentation of a material fact, whether intentional or unintentional, in the supporting affidavit, he is entitled to delve below the surface of a facially sufficient affidavit.Satterwhite v. State, 364 So.2d 345 (Ala.Cr.App.), reversed and remanded on other grounds, 364 So.2d 359 (Ala. 1978).
In the case before us, counsel's offer of proof contained no accusation that the informant misrepresented facts concerning appellant, and it was not clear in what way facts were misrepresented concerning the second individual, if they were misrepresented. Appellant, thus, failed to make the initial showing required by Satterwhite, supra, and the trial court acted properly in refusing to permit defense counsel to question the affiant regarding information which may have been supplied to him by the informant about an individual not involved in the case before the court.
Appellant next submits that the search warrant was not properly executed in accordance with § 15-5-9, Alabama Code 1975, which states:
 "To execute a search warrant, an officer may break open any door or window of a house, any part of a house or anything therein if after notice of his authority and purpose he is refused admittance."
Appellant argues that the officers were not refused admittance, and that there was no justification for this lack of compliance with the statute.
In Laffitte v. State, 370 So.2d 1108, 1110 (Ala.Cr.App.) cert. denied, 370 So.2d 1111 (Ala. 1979), however, the court recognized that the statute is subject to exceptions and set out the following guidelines:
 "`Where it appears from facts adduced that an announcement of the officers' purpose would frustrate a search, increase the personal peril of the executing officers or cause destruction of the evidence sought, there would be no necessity for compliance with the knock and announce rule, for these exceptions constitute "exigent circumstances"'"
Testimony of Officer Grant regarding the facts and circumstances with which he was faced in making his decision was as follows:
 "[The informant] told me there was a large quantity of marijuana in the room, that the Defendant was drunk — had been drunk, and that he had a pistol in the room with him, he had made the statement that he would use it."
We find that these facts indicate an exigent circumstance justifying lack of compliance with the statute.
Appellant next asserts that the state must prove at trial that evidence admitted was properly seized.
In this case a suppression hearing was held before commencement of the trial and the trial court ruled that the search was lawful. The question of whether a search is lawful is a question of law for the trial court's determination, based upon evidence heard in camera. Crowden v. State, 55 Ala. App. 325, 315 So.2d 122 (Ala.Cr.App.), cert. denied, 294 Ala. 756,315 So.2d 128 (1975). Once proof is made before the trial judge that a search was legal it is not necessary to present the same predicate to the jury. Sheffield v. State, *Page 119 392 So.2d 1233 (Ala.Cr.App. 1980), cert. denied, 392 So.2d 1237 (Ala. 1981). Hence, appellant's claim is without merit.
Appellant asserts that the introduction into evidence of the affidavit at trial was error. No objection was made to the admission of the affidavit at trial, and thus the issue is not properly before this court on review. Bridges v. State,391 So.2d 1086 (Ala.Cr.App. 1980).
Lastly, appellant contends that the state's closing argument was so prejudicial as to warrant a new trial.
During closing argument by defense counsel, the following took place:
 "MR. HUDSON: State comes up here with a search warrant that they have introduced into evidence where an unknown informer — they won't even tell us who it is.
 "MR. HART: Objection your Honor, by law we don't have to tell them who it is.
 "MR. HUDSON: We know they don't have to, Judge, but didn't or wouldn't."
During the prosecutor's subsequent closing argument, the prosecutor stated:
 "MISS JONES: And you heard Mr. Hudson say that the state would not tell him who the informant was. Well, of course, we are not going to tell who informants are. We would be stupid to because then we would be giving those informants just, in effect, the death penalty because —
 "MR. HUDSON: Your Honor, I'm going to object to that and move to exclude it and ask for a mistrial.
 "THE COURT: Yes, I think it is prejudicial. Let's proceed."
Thus, in effect, the trial court sustained the objection but took no further action.
The trial court in a criminal prosecution has broad discretion in controlling closing arguments. Hurst v. State,397 So.2d 203 (Ala.Cr.App.), cert. denied, 397 So.2d 208 (Ala. 1981); Elston v. State, 56 Ala. App. 299, 321 So.2d 264 (1975);Smith v. City of Birmingham, 36 Ala. App. 72, 52 So.2d 394
(1951).
In this case defense counsel interjected the state's failure to identify the informant into closing arguments. The prosecutor's remark was a reply in kind, couched in general terms, without reference to the particular informant or particular defendant. The trial judge nevertheless sustained the objection.
After careful consideration of the record before us, we cannot hold that, as a matter of law, the trial court abused its discretion in not offering curative instructions to the jury regarding the prosecutor's remarks.
We have examined each issue raised by appellant, and we have searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.