Both Mary Ann Wells and Stanley Wells were convicted of possession of hydromorphone hydrochloride. She was sentenced to three years' imprisonment; under the Split Sentence Act she was required to serve 90 days in jail and five years' probation. He was sentenced to fifty years' imprisonment pursuant to the Habitual Felony Offender Act. Each appeals.
Each contends that the court violated Rule 15.4(b), Ala.Temp.R.Crim.P., outlining the procedure for consolidation of criminal cases. The record does not contain an order consolidating these two cases for trial. The record does not show that the appellants were afforded a pre-consolidation hearing as required by Rule 15.4(b), Ala.Temp.R.Crim.P. It is apparent that the two appellants were indicted separately and that their cases were consolidated for trial. On the day of trial, counsel for each of them moved for a severance. Rule 15.4(b) provides:
 "Consolidation. If defendants are charged in separate indictments, informations, or complaints, the court, on its own initiative or on motion of any party, may, no later than seven (7) days prior to trial, order that the defendants be joined for the purposes of trial if the defendants could have been joined in a single indictment, information, or complaint. Proceedings thereafter shall be the same as if the prosecution initially had been under a single indictment, information, or complaint. However, the court shall not order that the defendants be tried together without first providing the defendants and the prosecutor an opportunity to be heard."
In Ex parte Jones, 473 So.2d 545, 546 (Ala. 1985), our Supreme Court stated:
 "The rule is mandatory when stating 'the court shall not order that the defendants *Page 762 
be tried together without first providing the defendants and the prosecutor an opportunity to be heard.' (Emphasis added [in Jones].) Affording an opportunity to move for severance after
consolidation fails to cure the prejudicial error resulting from violation of the rule." (Emphasis original.)
The Supreme Court reversed this court's affirmance of Jones's conviction by concluding:
 "We today hold that the purpose of Rule 15.4(b), Alabama Temporary Rules of Criminal Procedure, can only be served by strict compliance with it." 473 So.2d at 546.
The Attorney General concedes that the record fails to show an affirmative compliance with the rule and withJones. The Attorney General adds, however:
 "It is on this basis that the appellee urges this court to remand this cause to the trial court so that it may apprise this court as to whether there was an opportunity by the appellants and the prosecution to be heard on the consolidation of the cases."
Exercising our authority to secure a complete record under Rule 10(f), Alabama Rules of Appellate Procedure, we do hereby remand this case to the trial court with directions. If in fact there was a hearing on the proposed consolidation of these cases, then the circuit court is directed to correct the omission in the record by certifying and transmitting to this court a supplement to the record, which supplement shall reflect the proceedings at that hearing. If there was no hearing on the proposed consolidation, then the trial court shall promptly so inform this court. All issues presented to this court are reserved pending completion of this Rule 10(f) proceeding.
REMANDED WITH DIRECTIONS.
All the Judges concur.
 ON RETURN TO REMAND