[1] The petition for certiorari was filed by both defendants. On December 21, 1987, the writ was granted as to Mary Ann Wells but denied as to Stanley Wells.
This is a possession-of-narcotics case. Petitioner Mary Ann Wells was in a trailer when the police, acting on a valid search warrant, found a bag containing 73 Dilaudid capsules. Dilaudid capsules contain hydromorphone hydrochloride, a controlled substance. The facts are somewhat confusing, but it appears that Mary Ann and her ex-husband, Stanley, were arrested at a trailer owned jointly by Mary Ann and her nephew. Mary Ann testified that she was working in Natchez, Mississippi, at the time of her arrest and that she had come to the trailer in Mobile only to pick up some of her belongings, and was there when the police arrived to execute the search warrant. Stanley had apparently been living in the trailer on certain occasions. Stanley entered the trailer during the search, and both he and Mary Ann were arrested and charged with illegal possession of a controlled substance.
The two were tried in one proceeding and were both found guilty. Stanley was sentenced to 50 years' imprisonment under the provisions of the Alabama Habitual Felony Offender Act. Mary Ann was given a 3-year sentence, but was only ordered to serve 90 days in prison and 5 years on probation under the Split Sentence Act. Both defendants appealed to the Court of Criminal Appeals, which eventually affirmed both convictions.527 So.2d 761 (Ala.Cr.App. 1987). Both Mary Ann and Stanley petitioned for certiorari, but we granted certiorari only as to Mary Ann.
Mary Ann raises three issues. Because the resolution of the first issue decides this case favorably to her, we pretermit discussion of the other two. The issue is whether the State presented sufficient evidence to convict Mary Ann of possession of a controlled substance in violation of Ala. Code 1975, §20-2-70. Specifically, Mary Ann argues that the State failed to prove she had knowledge of the presence of the Dilaudid capsules in the trailer. We hold that the State did not prove this element of the offense.
 "Knowledge by the accused of the presence of the controlled substance is an essential element and prerequisite to conviction for the offense of illegal possession of a controlled substance under the Alabama Controlled Substances Act. . . . Where constructive possession is relied on the State must also prove beyond a reasonable doubt that the accused knew of the presence of the prohibited substance."
Temple v. State, 366 So.2d 740, 741 (Ala.Crim.App. 1979) (citations omitted).
In this case the State relied on constructive possession for a conviction against Mary Ann. We hold that this record does not prove the requisite knowledge on her part, and that her motion at the close of the State's case to exclude the evidence against her (which we construe as a motion for judgment of acquittal, see Temp. Rule 12, Ala.R.Crim.P.) was due to be granted. It is true that where an accused *Page 764 
has exclusive possession of the premises where contraband is discovered an inference arises that the accused had knowledge of the presence of the contraband. But in this case, Mary Ann was not shown to be in exclusive possession of the premises, and where the accused is in possession, but not exclusive possession, of the premises, a jury may not infer that he knew of the presence of a controlled substance without some other circumstances to support such an inference. Korreckt v. State,507 So.2d 558, 565 (Ala.Crim.App. 1986).
The only testimony in the State's case-in-chief relating to Mary Ann's knowledge was the testimony of one of the two officers who searched the trailer — investigative detective Jeff Stokes. Officer Stokes testified that Stanley Wells said that Mary Ann had no knowledge of the drugs:
 "Q. Okay. And what if anything, did he [Stanley Wells] tell you?
 "A. I also asked him whose stuff it was, basically. And he asked me prior to that what the bond would be, and I told him. And he said, at that point he said that Mary doesn't know anything about this, about this stuff, it doesn't belong to her. And I asked him in response, I asked him, does that mean you're telling me that the stuff is yours and not hers. And he said, that's right."
Mary Ann Wells also testified that she had had no knowledge that there were any controlled substances in the trailer. The only other testimony relating to Mary Ann Wells tends to show that she was present in the trailer on the morning of the search and exercised some control over the trailer, e.g., there was found in the trailer an electricity bill addressed to her. This is not sufficient to support a conviction for illegal possession of a controlled substance under Ala. Code 1975, §20-2-70.
We hold that no evidence was presented to show that Mary Ann Wells had knowledge that the Dilaudid capsules were in the trailer. We therefore reverse her conviction and render judgment in her favor in this case.
REVERSED and JUDGMENT RENDERED.
TORBERT, C.J., and JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.