After the charges against him were consolidated for trial, the appellant, Reginald Bacot, was convicted of unlawful possession of controlled substances (cocaine) and unlawful possession of marijuana in the second degree, violations of § 13A-12-212 and § 13A-12-214, Code of Alabama 1975, respectively. He was sentenced to 3 years imprisonment on the cocaine possession charge and to 12 months hard labor on the marijuana possession charge.
The appellant presents four issues on appeal.
 I
First, the appellant contends that the trial court erred in denying his motion for judgment of acquittal. More specifically, he argues that there was no evidence to show that he was in constructive possession of the cocaine and marijuana.
The state's evidence tended to show that on December 6, 1990, a confidential source reported to the Jefferson County Sheriff's Department that he had seen cocaine on the premises of 2336 Court R, Apartment S, in Birmingham, within the last 48 hours. He also stated that the apartment was occupied by a white female named Margaret and a 200-pound black male who was referred to as both "Eric" and "L.A."
After obtaining a search warrant, officers went to the address, where they found a black male, James Carl Lewis, standing on the front porch. Inside the apartment, they encountered a white female, Margaret Teixeira, a pit bulldog, and an infant. The appellant, Reginald Bacot, who was also on the premises, was initially seen standing between the open doors of the living room and kitchen. The officers asked the appellant to "control his dog," which was in the living room. He complied by grabbing the pit bull's collar and taking it to a back room.
A search of the apartment revealed marijuana scattered on the top of a stereo in the living room, a baggie of marijuana concealed within the stereo, pieces of crack cocaine behind the stereo, and a revolver on one of the stereo speakers. In the kitchen, officers found cocaine residue on a set of triple beam scales on the countertop, a playing card, a razor blade, and more cocaine residue on top of the microwave, and a police scanner. Police discovered in the front bedroom cocaine residue and another revolver on top of a dresser, cocaine residue on top of a chest of drawers, and an ashtray containing a partially burned marijuana cigarette. The police also found $900 cash and a beeper on a dresser in the rear bedroom. Another beeper and some cigarette rolling papers were found in the living room, while a pump shotgun was found in a closet.
Officers also found two traffic tickets issued for driving without a driver's license. One of these tickets was issued to Bacot, while the other was issued to Eric Williams. The birthdates (March 31, 1968) and the address (1515 Madison Avenue in Birmingham) shown on both tickets were the same. The tickets were both issued to a black male, were dated August 1990, and had been issued by the same police officer. The police also discovered a letter addressed to Margaret Teixeira, postmarked November 20, 1990, and sent to the 1515 Madison Avenue address. Further, the officers discovered a certificate for interstate *Page 756 
or international movement of small animals issued by the California Department of Food and Agriculture. The certificate was issued to Margaret Teixeira for the purchase of a pit bulldog and listed her address as 1515 Madison Avenue.
A traffic citation dated November 23, 1990, and issued for running a red traffic light was also found. This citation named Margaret Teixeira as the defendant, stated that she had a California driver's license, and listed her residence as 2336 Court R, Apartment S, which was the address of the premises being searched. Finally, when the appellant and Teixeira were arrested, they both listed 2336 Court R, Apartment S, as the place of their residence.
When the state asserts constructive possession, as it does in the instant case, "possession may be established by an adequate showing of surrounding facts and circumstances." Franklin v.State, 437 So.2d 609, 611 (Ala.Cr.App. 1983). In order to prove constructive possession, the state must show that the appellant had knowledge of the presence of the illegal substance. Braggv. State, 536 So.2d 965 (Ala.Cr.App. 1988).
"When the presence of the accused at the scene is established and evidence of his knowledge of the presence of the prohibited substance is shown, the issue of the defendant's possession should be submitted to the jury." Desimer v. State,535 So.2d 238, 240 (Ala.Cr.App. 1988); German v. State, 429 So.2d 1138
(Ala.Cr.App. 1982). See, e.g., Heath v. State, 485 So.2d 1226
(Ala.Cr.App. 1986).
We find that from the evidence presented, the jury could have been convinced beyond a reasonable doubt of the guilt of Reginald Bacot. The court did not err in denying the motion for judgment of acquittal.
 II
The appellant contends that the circuit court erred when it denied his motion to exclude the weapons and drug paraphernalia seized at the time of his arrest and received those items into evidence.
After the jury was selected, but before the trial began, the appellant made a motion in limine to prevent the receipt into evidence and the display of the two revolvers, the shotgun, and the scales seized during the appellant's arrest. The motion was denied. At the time that the items were offered into evidence, the appellant did not object.
A distinction is drawn between a motion in limine to exclude prejudicial evidence and a pretrial motion to suppress evidence. A motion in limine is "a pretrial motion designed . . . to forestall the introduction of potentially prejudicial evidence until the court has ruled on its admissibility outside the presence of the jury." C. Gamble, McElroy's AlabamaEvidence § 426.01 (4th ed. 1991); C. Gamble, The Motion InLimine: A Pretrial Procedure That Has Come of Age, 33 Ala.L.Rev. 1 (1981); Rule 15.6(e), Ala.R.Crim.P. The "[p]urpose of such motion is to avoid injection into trial of matters which are irrelevant, inadmissible and prejudicial." Black'sLaw Dictionary 914 (5th ed. 1979). See also Parks v. State,587 So.2d 1012 (Ala. 1991).
A motion to suppress evidence is a "[d]evice used to eliminate from the trial of a criminal case evidence which has been secured illegally." Black's Law Dictionary 914 (5th ed. 1979). See also Rules 15.6(a), (b), Ala.R.Crim.P. "If the motion is granted, any suppressed property that was seized . . . shall not be admissible in evidence at any further stage of the proceedings." Rule 15.6(d), Ala.R.Crim.P.
The crucial difference between these motions for purposes of this case is the method of preserving for review the denial of either motion and the subsequent receipt of the disputed evidence. A court's denial of a pretrial motion to suppress evidence is a final ruling on the admissibility of that evidence, and counsel does not have to object to the receipt of the evidence when it is offered at trial to preserve his objection. See Newsome v. State, 570 So.2d 703 (Ala.Cr.App. 1989); Rule 15.6, Ala.R.Crim.P., and the comments thereto. *Page 757 
In contrast, the Alabama Supreme Court has held as follows regarding a motion in limine:
 "an appellant who suffers an adverse ruling on a motion to exclude evidence (or other matters, e.g., argument of counsel), made in limine, preserves this adverse ruling for post-judgment and appellate review only if he objects to the introduction of the proffered evidence or other matters and assigns specific grounds therefor at the time of trial, unless he has obtained express acquiescence of the trial judge that such subsequent objection to evidence proffered at trial and assignment of grounds therefor are not necessary."
Phillips v. State, 527 So.2d 154, 156 (Ala. 1988) (citations omitted). See also, Hagood v. State, 588 So.2d 526 (Ala.Cr.App. 1991); Williams v. State, 546 So.2d 705 (Ala.Cr.App. 1989);McElroy's, supra § 426.01(21).
Here, the motion was a motion in limine. Failure to so designate it is not determinative of whether the motion was one in limine or to suppress evidence. Because the motion was a motion in limine and no objection was made at the time, the items received into evidence, the appellant has failed to preserve this issue for our consideration. SeePhillips, supra.
 III
The appellant contends that the circuit court erred in denying his motion to have part of a witness's testimony on cross-examination reread for impeachment purposes during recross-examination of that same witness. No error occurred here.
We have considered the other issues presented and find no error. The judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.