TAYLOR, Judge.
The appellant, Vincent Edward Hawkins, was convicted of assault in the second degree and of murder. He was sentenced to 10 years’ imprisonment and life in prison, respectively.
This case exemplifies the dilemma of the appellate courts of this state. Hawkins was convicted on August 22, 1990. The appellant filed a written notice of appeal on September 28, 1990. The court reporter, Debbie Turner, after obtaining numerous extensions, was found to be in contempt on January 21, 1992, for failure to supply this court with the transcript of the appellant’s trial. This court on January 27, 1992, remanded the case to the trial court with directions that the conviction be set aside and that the appellant be granted a new trial if the transcript was not filed by February 28, 1992. Ms. Turner did not certify the record as complete until February 28, 1992. However, she still failed to file the completed transcript with this court until after an order for her arrest had been issued. On March 25,1992, the last supplemental record was filed with this court. The case was finally submitted to this court on June 17, 1992, after briefs were filed. During this time, the appellant had filed motions attempting to speed the transcription of his trial.
After reviewing the arguments of counsel, we find that part of the record is still not complete. No transcript of the *651 suppression hearing was filed. On the authority of Rule 10(g), A.R.App.P., this cause is remanded to the Circuit Court for Houston County. Ms. Turner is instructed to file a transcript of the suppression hearing which, according to the case action summary sheet, was held on March 8, 1990, within 28 days of this opinion. If this transcript if not filed in this court within the time stated, the court reporter shall be found in contempt and the appellant’s motion for new trial will be granted.
The appellant’s counsel has also pointed out numerous instances in the transcript of misspelled and improper words. We sadly note these further evidences of the court reporter’s poor attitude.
For the reasons stated above, this cause is remanded to the Circuit Court for Houston County.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.