ON RETURN TO REMAND
TAYLOR, Judge.
The appellant, Vincent Edward Hawkins, was convicted of assault in the second degree and of murder. He was sentenced to 10 years’ imprisonment and to life imprisonment, respectively. We remanded this case pursuant to Rule 10(g), A.R.App.P., so that the record could be supplemented. 615 So.2d 650. This case has now been submitted to us on return to remand after the completed record was filed.
The state’s evidence tended to show that on the Friday evening, October 6, 1989, the murder victim Willie Dixon, the assault victim Gary Pender, and Hawkins were at the home of Mazue Martin in Dothan, Alabama. A fight erupted between Pender and Martin in the presence of Hawkins. Pender testified at trial that the appellant told Dixon and him that, “You’re two dead mother fuckers before the weekend is over.” Pender did not see the appellant again until Sunday when he and Dixon were at the Front Row Lounge in Dothan. Pender went into the bar, and when he came out he saw Dixon by his car. As he was walking towards Dixon, he saw the appellant approaching him with a pistol in his hand. The appellant fired four shots, the first shot hitting Pender. When the shooting stopped, Dixon fell on top of Pen-der. The appellant then said, “I told you I was going to kill you, you mother fucker.” Pender testified that after the second shot was fired, Dixon turned to run and was hit in the back by the last two shots. Dixon died in the hospital 12 days after the shooting as a result of a gunshot wound to his lower back which damaged one of his kidneys. Pender spent 28 days in the hospital and had to undergo surgery as a result of a gunshot wound to his leg.
Sara Liz Murphy, an eyewitness to the shooting, testified to essentially the same events concerning the night of the shooting as did Pender. She also stated that after the appellant shot Pender and Dixon, he kicked Dixon in the head and said, “I told you I was going to kill you, you mother fucker.”
Angelica Vickes, the appellant’s girlfriend, testified on behalf of the appellant. She stated that the appellant was with her on the evening of the shooting and that they were not at the scene of the shooting.
I
The appellant argues that there was insufficient evidence to find him guilty of murder and of assault in the second degree.
Murder is defined in § 13A-6-2, Code of Alabama 1975, as follows:
“(a) A person commits the crime of murder if:
“(1) With intent to cause the death of another person, he causes the death of that person or of another person_”
*653 Assault in the second degree is defined in § 13A-6-21, Code of Alabama 1975, as follows:
“(a) A person commits the crime of assault in the second degree if:
“(1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person; or
“(2) With intent to cause physical injury to another person, he causes physical injury to any person by means of a deadly weapon or a dangerous instrument. ...”
When this court is reviewing a question of the sufficiency of the evidence, we must view the evidence in the light most favorable to the State. Jackson v. State, 516 So.2d 726 (Ala.Cr.App.1985). The evidence as recited above showed that there were two eyewitnesses to the shootings, including the assault victim, who said that the appellant had fired the shots. The appellant’s defense was that he was with his girlfriend at the time of the shooting and that they were not at the scene of the shooting. Any conflicts in the evidence were for the jury to reconcile. “Conflicting evidence presents a jury question not subject to review on appeal, provided the State’s evidence establishes a prima facie case.” Jackson, 516 So.2d at 752. There was sufficient evidence presented to find the appellant guilty of murder and of assault.
II
The appellant further argues that the trial court erred in denying his motion to suppress Pender’s and Murphy’s pretrial identification of him as the one who fired the shots. Specifically, he argues that Pender’s pre-trial identification of the appellant was obtained as a result of an illegal arrest, was unduly suggestive, and was illegal because the appellant was denied his right to counsel.
This issue was preserved for our consideration by a motion to suppress the identification testimony. We recently stated in Bacot v. State, 597 So.2d 754, 756 (Ala.Cr. App.1992), the following:
“A court’s denial of a pretrial motion to suppress evidence is a final ruling on the admissibility of that evidence, and counsel does not have to object to the receipt of the evidence when it is offered at trial to preserve his objection. See Newsome v. State, 570 So.2d 70S (Ala.Cr.App.1989); Rule 15.6, Ala.R.Crim.P., and the comments thereto.”
The appellant’s issue concerning his motion to suppress was adequately preserved by the motion itself; no objection was necessary at trial.
The evidence adduced at the hearing on the motion to suppress fails to support the allegations of counsel made in brief. At the hearing on the motion to suppress, two Dothan Police Officers, Sergeant Robert Jenkins and Investigator Eddie Ingram, stated that there had been no formal identification process involving the appellant. Pender was acquainted with and knew the appellant before the shooting. After the shooting, Pender ran two blocks to the police station and reported the shooting, naming the appellant as the one who had shot him and Dixon. At that time a BOLO (Be On The Lookout) was issued for the appellant, and he was taken into custody the next day. There was absolutely no evidence presented during the suppression hearing that supports the arguments of counsel. Pender’s identification of the appellant was correctly received into evidence.
The appellant also questions the identification made by Murphy. Specifically, he argues that she identified the appellant by name only and that in one instance she referred to the appellant as Vincent “Price” instead of Vincent Hawkins. The record shows that Murphy was acquainted with the appellant before the shooting and that she identified him by name to police. Further, any use by Murphy of an incorrect last name would go not to the admissibility of the identification evidence but to its credibility and therefore created a question for the jury as the trier of fact.
The testimony of both witnesses concerning the appellant’s identification *654 was proven reliable by the fact that they knew the appellant before the shooting. Reliability is the linchpin in determining the admissibility of identification evidence. Manson v. Braithwaite, 432 U.S. 98, 114, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); Walker v. State, 523 So.2d 528, 533 (Ala.Cr.App. 1988). The trial court correctly allowed testimony as to these witness’ pre-trial identification of the appellant.
Ill
The appellant next argues that the trial court erred in allowing Sergeant Jenkins to testify on redirect as to what another person told him.
The following occurred during Jenkins’s testimony:
“Q [Prosecutor]-Sgt. Jenkins, let me ask you, in relationship to the man who gave you the name as being an alleged witness, David Grimsley, he did tell you how many shots were fired out there, correct?
“A-Yes, he did.
“Q-How many shots?
“Mr. Atwell [Defense counsel]: Objection. Hearsay.
“Mr. Valeska [Prosecutor]: Judge, the Defense opened the door and asked him specific questions about what Grimsley told him he saw up there. When they open the door, I can go into it.
“The Court: Overruled.
“Q-Please tell the ladies and gentlemen of the jury when you interviewed and talked to this man who identified himself as David Grimsley how many shots he told you were fired out there? “A-Four.”
On cross-examination of Sergeant Jenkins defense counsel had asked what David Grimsley had told police about the shooting. The state then had the right to present to the jury other relevant parts of Grimsley’s statement to police. “If one party proves any part of an oral conversation or oral statement, the other party has the right to prove all that was said on the same occasion.” C. Gamble, McElroy’s Alabama Evidence § 316.01 (4th ed. 1991). Furthermore, the evidence was cumulative. No error occurred here.
IY
The appellant also argues that the trial court erred in denying his motion for a new trial based on newly discovered evidence because the appellant claimed to have learned after trial that one of the state’s witness had been paid $1,000 to testify. The trial court correctly denied the motion. There is no evidence that a hearing was held on the motion. “The motion was unverified and was not accompanied by any affidavits in support of this bare allegation.” McLemore v. State, 562 So.2d 639, 641 (Ala.Cr.App.1989). “Consequently, the assertions of counsel contained therein ‘are bare allegations and cannot be considered as evidence or proof of the facts alleged.’ ” Arnold v. State, 601 So.2d 145, 154 (Ala.Cr.App.1992), quoting Thompson v. State, 444 So.2d 899, 902 (Ala.Cr.App. 1984).
Furthermore,
“In order to establish that a new trial is warranted based on newly discovered evidence, the appellant must demonstrate:
“ ‘(1) that the evidence will probably change the result if a new trial is granted; (2) that the evidence has been discovered since the trial; (3) that the evidence could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue [of the appellant’s guilt]; and (5) that it is not merely cumulative or impeaching.’ ”
Landreth v. State, 600 So.2d 440, 445 (Ala. Cr.App.1992), quoting Marks v. State, 575 So.2d 611, 616 (Ala.Cr.App.1990).
Even if evidence had been presented to support the appellant’s contention, the motion for new trial would have been correctly denied, because the elements necessary to establish that a new trial is warranted based on newly discovered evidence were not satisfied here.
*655 v
Last, the appellant argues that irregularities in the record render appellate review impossible. The appellant cites to instances in the record in which words have been misspelled or are almost illegible. The issues the appellant raises on appeal are not affected by the errors in the record. However, we caution the court reporter to be more accurate in her transcription of court proceedings in the future.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.