TAYLOR, Judge.
The appellant, Stanley Latherin Poole, was convicted of possession of marijuana in the first degree, in violation of 13A-12-213, Code of Alabama 1975. He was sentenced to 15 years’ imprisonment.
The state’s evidence tended to show that on September 15, 1992, Officers Barry Din-kins and Lawrence L. Batiste, of the Mobile County Sheriffs Department were on routine patrol on Limerick Street in Mobile County, Alabama. The officers were conducting a narcotics investigation of the area when they observed the appellant in front of a house located two houses away from where they were parked. An automobile pulled up in front of the house by which the appellant was standing, and an occupant of the car got out and moved towards the appellant. The appellant approached that person and exchanged a small manila envelope for what appeared to be cash.
The officers drove their ear to the front of the house where the exchange had just taken place. Officer Dinkins exited his ear and followed the appellant up the sidewalk towards the house. Once the appellant was on the porch, he moved a board that was nailed to the front of the house and began to reach behind the board. Officer Dinkins, who had reached the steps of the porch at this time, saw a plastic bag behind the board. Officer Dinkins identified himself as a police officer and detained the appellant. The appellant was placed in Officer Batiste’s custody while Officer Dinkins investigated the contents of the plastic bag behind the board. The plastic bag contained 11 small manila envelopes containing what appeared to be marijuana. It was stipulated at trial that the substance found in the manila envelopes was marijuana.
I
The appellant first contends that the evidence presented at trial was insufficient to support his conviction for possession of marijuana in the first degree. Specifically, the appellant argues that the evidence presented at trial raised only a suspicion of his guilt. The appellant preserved this issue by first moving for a judgment of acquittal at the close of the state’s case and then moving for a judgment of acquittal at the close of all of the evidence. See Ex Parte Ross, 581 So.2d 495 (Ala.1991).
In reviewing the sufficiency of the evidence, this court must view the evidence presented at trial in the light most favorable to the state. McLeod v. State, 581 So.2d 1144 (Ala.Cr.App.1990). The evidence presented by the state must be accepted as true, according the state all legitimate inferences therefrom. Burks v. State, 611 So.2d 487 (Ala.Cr.App.1992).
*332 Section 13A-12-213, Code of Alabama 1975, provides:
“(a) A person commits the crime of unlawful possession of marihuana in the first degree if, except as otherwise authorized:
“(1) He possesses marihuana for other than personal use; or
“(2) He possesses marihuana for his personal use only after having been previously convicted of unlawful possession of marihuana in the second degree or unlawful possession of marihuana for his personal use only.”
In order to prove possession of marijuana in the first degree, the state must show possession and must also show that the possession was for other than personal use. Watley v. State, 568 So.2d 852 (Ala.Cr.App. 1989), writ quashed, 568 So.2d 857 (Ala.1990).
In order to prove possession of drugs, either actual or constructive, the state must show actual or potential control, intention to exercise dominion, and external manifestations of intent and control. Korreckt v. State, 507 So.2d 558 (Ala.Cr.App.1986). Because the appellant was not in actual possession of the marijuana when it was seized, the state was required to establish constructive possession. When relying on constructive possession, the state must show the defendant had knowledge of the presence of the drugs at the place from which they were seized. Bacot v. State, 597 So.2d 754 (Ala.Cr. App.1992). Such knowledge may be shown by circumstantial evidence. Dooley v. State, 575 So.2d 1191 (Ala.Cr.App.1990).
Here, there was a rational inference that the appellant had knowledge of the presence of the marijuana. He was seen exchanging cash for a manila envelope and then reaching into the area where the marijuana in question was found in similar manila envelopes. We find this evidence was sufficient to create a jury question as to whether he was in possession of marijuana for other than personal use. See Gray v. State, 600 So.2d 1076 (Ala.Cr.App.1992).
II
The appellant also contends that the trial court erred by failing to give curative instructions regarding a statement made by the prosecutor during closing arguments. During closing arguments the prosecutor stated:
“MR. BOSTICK [prosecutor]: And the evidence we’ve presented to you today has also shown that September 15, 1992, was a typical work day for the defendant. Because on that day, he had received his product that he had for sale,—
“MR. FLEMING [defense counsel]: Judge, I’m going to object at this time to counsel’s arguing that my client is engaged in some sort of enterprise involving the sale of drugs, and I think that’s inappropriate. That’s not the ease here. I would ask for a corrective—
“THE COURT: Sustained.
“MR. FLEMING:—instruction.”
Here, the sustaining of appellant’s objection was sufficient to eradicate any possible prejudice to the appellant. See Rutledge v. State, 482 So.2d 1250 (Ala.Cr.App.1983), rev’d on other grounds, 482 So.2d 1262 (Ala. 1984).
Moreover, the trial court instructed the jury that its decision was to be based upon the evidence and that the arguments made by counsel were not to be considered as evidence. Statements made by counsel in argument to the jury are considered as having been made in the heat of debate and are usually valued by the jury at their true worth. Harris v. State, 539 So.2d 1117 (Ala. Cr.App.1988). In order for a prosecutor’s comments in closing argument to warrant a new trial, those comments must have so infected the trial with unfairness that the resulting conviction resulted in a denial of due process. Darden v. Wainwright, 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). There was no error in the circuit court’s failing to give curative instructions to the jury.
For the reasons stated above, the judgment of the circuit court is due to be affirmed.
AFFIRMED.
All the Judges concur.