The appellant, Horace Johnson, was indicted for the attempted murders of Daryl Anders and Ruby Lavender. A jury found the appellant guilty of assault in the second degree as to Daryl Anders, § 13A-6-21, Code of Alabama 1975, and of menacing as to Ruby Lavender, § 13A-6-23, Code of Alabama 1975. He was sentenced to 10 years' and 6 months' imprisonment, which sentence was split, and he was ordered to serve one year and a day in prison and two years on supervised probation.
The state's evidence tended to show that on December 21, 1991, the appellant went to the residence of Ruby Lavender looking for his ex-wife, Sabrina Jones, Mrs. Lavender's *Page 1086 
granddaughter. Upon the appellant's arrival, an argument began between the appellant and his ex-wife in the driveway of the house. Mrs. Lavender went outside to check on her granddaughter just as Sabrina ran inside to get away from the appellant. The appellant went to his car and got a shotgun. When he got to the door of the house, he began kicking and hitting the door. Mrs. Lavender told the appellant to stop kicking the door and not to shoot the gun because his children were in the house. Mrs. Lavender testified that the appellant pointed the shotgun at her and told her "I'll kill you." Mrs. Lavender fell to the ground. She testified that the appellant shot his gun several times over her body. She thought he was trying to kill her because she "could feel the heat of the gun" as the appellant fired the gun.
Daryl Anders was at Lavender's residence when the shooting occurred and attempted to call the police. He went outside to get the address of Lavender's house so that he could give it to the police. While he was outside, the appellant approached him, pointing the shotgun at him. Anders grabbed the barrel of the shotgun in an attempt to push the muzzle away from his body. The defendant fired the gun, hitting Anders's thumb. As a result of the wound, Anders's thumb was later amputated at the hospital.
The appellant then entered the house in search of his ex-wife. He left the residence after his ex-wife fired at him several times with a .38 caliber pistol.
 I
The appellant first contends that the trial court erred in denying his motion for a judgment of acquittal because, he says, the evidence was insufficient to support his convictions for assault in the second degree and menacing.
Assault in the second degree is defined in § 13A-6-21, Code of Alabama 1975, as follows:
 "(a) A person commits the crime of assault in the second degree if:
 "(1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person; or
 "(2) With intent to cause physical injury to another person, he causes physical injury to any person by means of a deadly weapon or a dangerous instrument; or
 "(3) He recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument. . . ."
Menacing is defined in § 13A-6-23, Code of Alabama 1975, as follows:
 "(a) A person commits the crime of menacing if, by physical action, he intentionally places or attempts to place another person in fear of imminent serious physical injury. . . ."
In reviewing a question of the sufficiency of the evidence, this court must view the evidence in the light most favorable to the state. Hawkins v. State, 615 So.2d 651 (Ala.Cr.App. 1992).
The jury found the appellant guilty of menacing as to Ruby Lavender. Her testimony as set out above established a prima facie case of menacing.
The jury also found the appellant guilty of assaulting Daryl Anders. When the jury found the appellant guilty of assault in the second degree, it did not specify which subsection §13A-6-21 it was relying on in returning that verdict. The appellant maintains that the state failed to prove that he had intended to shoot or to cause any injury to Daryl Anders. However, the appellant's mental state at the time of the assault was a question for the jury to decide. White v. State,527 So.2d 1349 (Ala.Cr.App. 1988). The appellant's argument misses its mark, because second degree assault, as defined in §13A-6-21, can be accomplished by either intentional or reckless actions. Jenkins v. State, 640 So.2d 1055 (Ala.Cr.App. 1993). Any conflicts in the evidence were for the jury to reconcile.Hawkins v. State, 615 So.2d 651 (Ala.Cr.App. 1992). The facts as deduced from the evidence recited above establish a prima facie case of assault in the second degree. *Page 1087 
The trial court did not err in denying the appellant's motion for a judgment of acquittal.
 II
The appellant next contends that the trial court erred in denying his challenges for cause of three members of the venire who initially expressed the belief that the appellant had something to hide if he did not testify at trial. The record reveals that during voir dire, defense counsel asked, "If a person who was accused of something did not take the stand, is there anybody who would think that person had something to hide?" Five jurors indicated that they believed a person who did not take the witness stand had something to hide. The court then explained to these five potential jurors the state's burden of proof, the appellant's presumption of innocence, and a defendant's right not to testify against himself. After the court's explanation, two of the five prospective jurors again expressed the view that the appellant's failure to testify would affect their decision. The court granted the appellant's challenges for cause as to these two prospective jurors. The court denied the appellant's challenges for cause as to the remaining three jurors because they indicated that they could decide the case based solely on the law and evidence.
 "A trial judge's finding on whether or not a particular juror is biased 'is based upon determinations of demeanor and credibility that are peculiarly within a trial judge's province.' [Wainwright v.] Witt, 469 U.S. [412, 428], 105 S.Ct. [844], 855, [83 L.Ed.2d 841 (1985)].
 "That finding must be accorded proper deference on appeal. Id. 'A trial court's rulings on challenges for cause based on bias [are] entitled to great weight and will not be disturbed on appeal unless clearly shown to be an abuse of discretion.' Nobis v. State, 401 So.2d 191, 198
(Ala.Cr.App.), cert. denied, Ex parte Nobis, 401 So.2d 204 (Ala. 1981)."
Martin v. State, 548 So.2d 488, 490 (Ala.Cr.App. 1988), aff'd,548 So.2d 496 (Ala.), cert. denied, 493 U.S. 970,110 S.Ct. 419, 107 L.Ed.2d 383 (1989).
"The test to be applied in determining whether a juror should be removed for cause is whether the juror can eliminate the influence of his previous feelings and render a verdict according to the evidence." Rowell v. State, 570 So.2d 848, 855
(Ala.Crim.App. 1990). "[A] prospective juror should not be disqualified for prejudices or biases if it appears from his or her answers and demeanor that the influence of those prejudices can be eliminated and a verdict rendered according to the evidence." Knop v. McCain, 561 So.2d 229, 232 (Ala. 1989).
Here, the prospective jurors were questioned thoroughly on this issue. The three prospective jurors who were not removed for cause indicated that they could render a verdict based on the facts and on the law as instructed. Thus, it was not error for the trial court to deny the appellant's challenges for cause of the three jurors.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.