The appellant, Eddie Wayne Sullivan, was convicted of unlawfully possessing marijuana, in violation of § 13A-12-213, Code of Alabama 1975. He was sentenced to 6 years' imprisonment.
The state's evidence tended to show that on October 15, 1992, Deputy Leo Bedsole executed a search warrant at 510 North 7th Street in Florida. Bedsole had obtained the search warrant based on information from two confidential informants that there were drugs at this residence. When he and several other officers arrived to execute the warrant they found the appellant's wife across the street at a neighbor's house. Bedsole told her that they had a search warrant and that they believed marijuana was located on the premises. When they entered the house, the appellant's wife became nervous and told officers that there was a bag of marijuana under the carpet in the bedroom. A bag of marijuana was then recovered from under the carpet in the master bedroom. The bag also contained rolling papers and 2 partially smoked marijuana cigarettes. Also discovered in a ceramic vase in the master bedroom were two partially smoked marijuana cigarettes. Three plastic sandwich bags containing marijuana were discovered in a bread box on top of the refrigerator.
Deputy Bedsole testified based on his own personal knowledge that the appellant had been living at the residence for at least three months with his wife and two children under four years of age. Bedsole also stated that men's clothes were found in the master bedroom where the marijuana was discovered. *Page 1139 
On cross-examination Deputy Bedsole also testified that on a previous occasion a controlled buy had been made out of this house. Also, this residence had been under surveillance for approximately one and one-half months before the execution of the warrant.
 I
The appellant initially contends that the court erred in denying his motion for a judgment of acquittal. Specifically, he contends that the state failed to show that he had knowledge of the presence of the marijuana at the residence and, therefore, failed to prove constructive possession.
 "In order to prove possession of drugs, either actual or constructive, the state must show actual or potential control, intention to exercise dominion, and external manifestations of intent and control. Korreckt v. State, 507 So.2d 558
(Ala.Cr.App. 1986). Because the appellant was not in actual possession of the marijuana when it was seized, the state was required to establish constructive possession. When relying on constructive possession, the state must show the defendant had knowledge of the presence of the drugs at the place from which they were seized. Bacot v. State, 597 So.2d 754 (Ala.Cr.App. 1992). Such knowledge may be shown by circumstantial evidence. Dooley v. State, 575 So.2d 1191
(Ala.Cr.App. 1990)."
Poole v. State, 645 So.2d 330, 332 (Ala.Cr.App. 1994). See alsoMenefee v. State, 592 So.2d 642 (Ala.Cr.App. 1991); Desimer v.State, 535 So.2d 238 (Ala.Cr.App. 1988).
In the following cases this court has held that there was sufficient evidence to present the case to the jury on the issue of whether the accused had knowledge of the presence of a controlled substance: Menefee, supra (evidence sufficient to present question of knowledge to jury where nine people were present in house and female accused was on bed in bedroom where marijuana was found in a purse hanging on the doorknob and in a dresser drawer); Wesenberg v. State, 504 So.2d 328 (Ala.Cr.App. 1986) (evidence sufficient to present the question of knowledge to jury where accused admitted living in house and was found in room where drugs were discovered in dresser drawer); Sturdivantv. State, 439 So.2d 184 (Ala.Cr.App. 1983), overruled on other grounds, Ex parte Chambers, 522 So.2d 313 (1987) (evidence sufficient to present question of knowledge of female defendant to jury, where marijuana was found in bedroom in which the female defendant was present and there were women's clothing in the closet); McHellen v. State, 351 So.2d 689 (Ala.Cr.App. 1977) (evidence held sufficient to present case to jury on issue of knowledge when accused was home at time of search, controlled substance was found in "neutral" area of house, and place where substance was discovered was "not easily unnoticed").
 " 'Where drugs are found on premises of which the defendant was in nonexclusive possession, the fact that they were found among or near his personal belongings may be a circumstance which is sufficient to link him with the possession of those drugs. Annot., 56, A.L.R.3d 948, § 10 (1974).'
"Gary v. State, 473 So.2d 604, 605 (Ala.Cr.App. 1985)."
Wesenberg, 504 So.2d at 333.
As this court stated in Jackson v. State, 589 So.2d 781
(Ala.Cr.App. 1991):
 "Where the State seeks a conviction based on an accused's alleged constructive possession of illegal drugs, it must establish that the accused had knowledge of the presence of those drugs. Boswell v. State, 570 So.2d 818, 819 (Ala.Cr.App. 1990); Chislom v. State, 565 So.2d 1189, 1191
(Ala.Cr.App. 1990). If the accused is in exclusive possession of the premises where the illegal drugs are found, it may be inferred that he had knowledge of the presence of the drugs. Ex parte Wells, 527 So.2d 762, 763-64 (Ala. 1988). However, where, as in this case, the accused is not in exclusive possession of the premises where the drugs are found, 'a jury may not infer that he knew of the presence of [those drugs] without some other circumstances to support such an inference.' Id. at 764. '[T]he kinds of circumstances which may provide a connection between a defendant and [illegal drugs] are unlimited and will naturally depend on the facts *Page 1140 of each particular case.' Temple v. State, 366 So.2d 740, 743 (Ala.Cr.App. 1978)."
589 So.2d at 787. (Emphasis added.)
There was sufficient evidence to present the case to the jury on the issue of whether the appellant had knowledge of the presence of the marijuana. The court did not err in denying the appellant's motion for a judgment of acquittal.
 II
The appellant next contends that the court erred in denying his motion to suppress evidence of the drugs seized during the search because, he says, the affidavit in support of the warrant did not provide probable cause for issuance of the warrant. We disagree. The affidavit in support of the warrant reads as follows:
 "My name is Leo Bedsole Jr. I am an investigator for the Covington County Sheriff's Department. During the course of my duties as such, I have received information concerning unlawful transportation, possession and distribution of marijuana at the above described residence in Florala, Alabama. Within the past seventy-two (72) hours, affiant has received information from a confidential source that had personally seen marijuana at the above described residence, that was individually wrapped and packaged. This confidential source has provided affiant with information in the past that has resulted in 2 arrests and convictions on drug related charges. Another confidential source has been to the above described residence periodically over a span of three (3) months and had been shown marijuana that was packaged for sale. This source stated that marijuana had been concealed underneath the residence and that small packages of marijuana were also concealed in the backyard at the above described residence. The second confidential source has provided drug related information to affiant that has resulted in arrest and convictions, four (4) separate cases over the last three (3) years. Affiant believes that information provided by the second confidential source, who has been to the above described residence within the past forty eight (48) hours to be true and correct. Affiant believes that information provided by both confidential sources to be true and correct and that there is now marijuana being concealed at the above described residence.
 "Therefore, I, Leo Bedsole Jr., have reason to believe that Eddie Wayne Sullivan is concealing in his residence, marijuana in violation of the Drug Crimes Amendment Act of 1987.
 "Both informants have been in the above described residence within the past seventy-two (72) hours and have seen marijuana there."
As this court stated in McGruder v. State, 560 So.2d 1137,1141 (Ala.Cr.App. 1989):
 "In determining whether a search warrant should be issued on the basis of information supplied by a confidential informant,
 " '[t]he task of the issuing magistrate [or judge] is simply to make a practical commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate [or judge] had a "substantial basis for . . . conclud[ing]" that probable cause existed.'
 "Illinois v. Gates, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).
 "Deputy Watson's attestation that the informant had previously supplied information 'that has proven reliable, true and correct' was clearly sufficient to establish the reliability and veracity of the informant. Neugent v. State, 340 So.2d 52, 54 (Ala. 1976), cert. denied, 430 U.S. 969, 97 S.Ct. 1653, 52 L.Ed.2d 361 (1977). The basis of the informant's knowledge was obviously his prior presence at the West Crawford apartment. Under the totality of the circumstances, we find that the issuing judge 'had a "substantial basis for . . . conclud[ing]" that probable cause existed' *Page 1141 
for a search of the apartment. Gates, supra. See also Houk v. State, 455 So.2d 115 (Ala.Cr.App. 1984)."
See also Perry v. State, 549 So.2d 119 (Ala.Cr.App. 1988).
The affidavit supporting the warrant was sufficient to establish probable cause that the residence contained marijuana. The court did not err in denying the appellant's motion to suppress.
The appellant also appears to argue in his brief that the motion to suppress should have been granted because, he says, the search revealed that the marijuana was not where the informants said it would be; therefore, he says, the informant's information was not accurate. As this court stated in Franks v. State, 615 So.2d 1271, 1274 (Ala.Cr.App. 1992):
 " ' "[A] defendant may not challenge the truth of hearsay evidence reported by an affiant," but only "any statements based on the affiant's personal knowledge, including his representations concerning the informer's reliability" and "his representation that the hearsay statements were actually made." ' "
Quoting, 2 W. LaFave, Search Seizure, § 4.4(b) 191 (2d ed. 1987), in turn quoting United States v. Carmichael,489 F.2d 983, 989 (7th Cir. 1973). The appellant can only challenge the affiant's statements based on his personal knowledge. Franks.
The appellant here questions that which is unquestionable: the truth of the informant's statements. Franks. Thus, the appellant cannot challenge the fact that marijuana was not found in the exact locations named by the informants.
 III
Last, the appellant contends that the court erred in refusing to ask several of his requested voir dire questions. Specifically, he contends that he was denied his right to a fair and impartial jury because of the court's refusal to ask the prospective jurors certain questions. The record before us does not contain the voir dire of the prospective jurors, so that there is nothing for us to examine.
 "The extent of the voir dire examination is largely discretionary with the trial court. Jennings v. State, 513 So.2d 91 (Ala.Crim.App. 1987); Heath v. State, 480 So.2d 26
(Ala.Crim.App. 1985). A trial court will only be reversed for an abuse of that discretion. Jennings; Edwards v. State, 452 So.2d 487 (Ala.Crim.App. 1982), rev'd on other grounds, 452 So.2d 503 (Ala. 1983).
 "Since the record does not contain the voir dire portion of the trial record, this court cannot determine if there was an abuse of discretion. See Fuller v. State, 472 So.2d 452 (Ala.Crim.App. 1985) (appellate court review is limited to matters of record)."
Corbin v. State, 551 So.2d 429, 430 (Ala.Cr.App. 1989). SeeLane v. State, 644 So.2d 1318 (Ala.Cr.App. 1994); Sanders v.State, 641 So.2d 1260 (Ala.Cr.App. 1993).
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.