WOODALL, Justice.
This Court granted the State’s petition for a writ of certiorari to determine whether the trial court’s granting of a motion to suppress evidence conflicts with previous appellate court decisions. The Court of Criminal Appeals affirmed the judgment of the trial court, without an opinion. (No. CR-98-1221) 805 So.2d 784 (Ala.Crim.App.2000) (table). We reverse and remand.
On September 9, 1998, the Prattville Police Department responded to a burglar-alarm call at the residence of Alonzo Shelby in Elmore County. They found signs of forced entry. The officers entered the residence to secure the premises and to make sure no one was inside. The officers noticed, in plain view, what appeared to be marijuana and cocaine. The officers then contacted a narcotics officer, Robert W. Barlow. At the hearing on the defendant’s motion to suppress, Barlow testified:
“Q. [Defense counsel] Tell me what happened. How did the search warrant come about?
“A. [Investigator Barlow] The search warrant came about — when I arrived Officer Champion told me what he had. Routinely patrol officers find things that appear to be narcotics and further investigation reveals that they aren’t. He walked me into the bedroom and said, ‘Look right there.’ I looked and it appeared to be crack cocaine to me. So we said, ‘Hey, did you get a hold of a key holder?’ They said, ‘Yes, we got hold of the key holder and he is en route.’ We said, ‘Well, everything stays in place.’ Everybody just take a break and when he gets here we will see if he will let us search the rest of the house for drugs and if not, we will proceed from that point. When Mr. Shelby arrived, [we] let him know that his house had been broken into and that we would *314 need him to verify whether things had been stolen or not. See if anything was missing. And also we advised him [that] some suspected crack cocaine and marijuana had been located in his residence in plain view. In the process of searching for the burglar or burglars, [we] asked him would he consent to a search of his residence, a thorough search of his residence for any other further drug evidence. He acted like he wasn’t sure what to do. He said he wasn’t going to consent to a search of his residence. We freeze the scene and tell him that it may be a little while, you know, if he will just stand by and bear with us, we would get it done as soon as we could. At that point I left to go get the search warrant.”
Barlow testified further that he returned to the police department, drew up a search warrant, contacted the municipal judge for the City of Prattville, and explained all of the circumstances to the judge. The judge signed the search warrant based upon Barlow’s assertion that he had “reason to believe and does believe that controlled substances: to-wit: cocaine and or crystal Methamphetamine and marijuana” were being kept in Shelby’s residence.
As a result of the search, Shelby was charged in a three-count indictment: one count of first-degree receiving stolen property and two counts of second-degree receiving stolen property. These counts resulted from the seizure from his residence of computer equipment and other electronic equipment. Shelby filed a motion to suppress the evidence seized at his residence, alleging:
“1. The Defendant did not at any time relevant consent to the search of his residence.
“2. The Defendant did not make an oral statement to any Law Enforcement Officer,
“3. The Affidavit by Robert Barlow to obtain the search warrant is hearsay in that Robert Barlow was not present during the initial time the officers responded to the Burglar Alarm dispatch.
“4. There was evidence seized by the officers that was not contained in the search warrant.
“5. The evidence seized by the Law Enforcement Officers, could not be viewed by any officer and determined to be illegal on its face.”
The trial judge held a hearing on Shelby’s motion to suppress. Shelby’s main contention at the suppression hearing was that there had been no burglar-alarm call at his residence, and that, therefore, the patrol officers did not have probable cause to enter his residence. The only person who testified was Investigator Barlow. After both sides rested, the trial judge stated:
“I will be honest with you. My problem is that I don’t know enough to rule.
“I can rely on hearsay which is all Agent Barlow has. And if what he was told is correct then there was probable cause, but I don’t know because I don’t have those folks that were there and he doesn’t know anything before he got there. So I can’t rule. I don’t like basing ruling on Motions to Suppress on hearsay. And that’s all I have got. So I don’t know what to do. I can’t rule.
Later that day, the trial judge granted the defendant’s motion to suppress because, he said, he had insufficient competent evidence upon which to make a decision regarding the entry into the defendant’s home and whether the officers had probable cause to search. The trial judge’s order stated:
“This matter is before the court on the Motion of Defendant to Suppress Evidence.
*315 “Upon consideration the Court finds that the Motion is well taken. It is therefore ORDERED, ADJUDGED and DECREED that the Motion be and is hereby Granted. Evidence of items alleged in the indictment are suppressed. The Court was presented with insufficient competent evidence upon which to make a decision regarding entry into Defendant’s home and/or probable cause to search. The only witness to testify at the hearing arrived after entry had been made and had no personal knowledge germane to the initial determining issues.”
The State filed a timely notice of appeal.
The State argues that the trial judge erred in concluding that, absent the testimony of the investigating officers at the scene, the search warrant was invalid. The State argues that Barlow’s affidavit was sufficient to support a search warrant, because, it says, an affidavit based on hearsay information will support a search warrant. Sullivan v. State, 651 So.2d 1138, 1141 (Ala.Crim.App.1994); Franks v. State, 615 So.2d 1271, 1273-1274 (Ala.Crim.App.1993), cert. denied, 615 So.2d 1271 (Ala.1993); Houk v. State, 455 So.2d 115, 118 (Ala.Crim.App.1984), cert. denied, 455 So.2d 115 (Ala.1984).
In addition, the State argues that the trial court had no justification for inquiring into the information contained in a facially valid affidavit, because the defendant did not make an initial showing that there had been a misrepresentation of a material fact in the affidavit. Houk v. State, supra at 118, citing Satterwhite v. State, 364 So.2d 345 (Ala.Crim.App.1978), reversed and remanded on other grounds, 364 So.2d 359 (Ala.1978).
The record reflects that Shelby’s motion to suppress merely challenged the affidavit underlying the search warrant on the basis that it was the product of hearsay. There was no allegation by Shelby that there was a misrepresentation of a material fact in the affidavit. The validity of the information contained in Barlow’s affidavit was unrefuted. Barlow stated in pertinent part in the affidavit:
“Affiant further states that he has reason to believe and does believe that controlled substances to-wit: cocaine and or crystal Methamphetamine and marijuana [are] being kept and or stored on or about the premises of Alonzo J. Shelby and Jimelle Shelby, the physical address being Alice Lane Prattville, Alabama 36066....
“The facts tending to establish the foregoing grounds for the issuance of a search warrant are as follows: At 1544, 09/09/1998 patrol officers D.C. Champion and D. Emmanuel, responded to 105 Alice Lane in reference to a residential burglary alarm. Upon arrival, officers discovered entry had been forced into the residence. Officers entered the residence to secure a possible crime scene and ensure there was nobody inside. During their search for unauthorized occupants, officers discovered a white powdery substance in a plastic baggy and what appears to be marijuana in plain view. My experience and training leads me to believe the white powder is a controlled substance due to its appearance and the way it is packaged.
“Based on the foregoing facts and information I have probable cause to believe and do believe that controlled substances, to wit, cocaine and or crystal methamphetamine and marijuana and other drug related paraphernalia and other items ... are being kept or stored upon the aforesaid premises and are subject to seizure under the laws of the State of Alabama. I have therefore made this affidavit in order that a *316 search warrant may issue to search the above described premises, vehicles and persons located at said residence.”
The affidavit was sufficient to support a search warrant. Because Shelby made no showing that Investigator Barlow’s statements were false, or that Barlow did not reasonably rely on the officers’ report, the trial judge erred in concluding that it did not have sufficient evidence to determine that the affidavit supplied probable cause for the issuance of the search warrant. Therefore, the trial court erred in granting the motion to suppress, and the Court of Criminal Appeals erred in affirming the trial court’s judgment. We reverse the judgment of the Court of Criminal Appeals and remand the case for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOUSTON, LYONS, BROWN, JOHNSTONE, and STUART, JJ„ concur.
SEE and HARWOOD, JJ., concur specially.
MOORE, C.J., dissents.