Gary Wayne Karr was convicted of receiving stolen property in the first degree: a violation of § 13A-8-17, Code of Alabama 1975. He was sentenced as a habitual offender to ten years' imprisonment.
The evidence showed that on Wednesday, January 20, 1982, John Pate purchased at wholesale $3,360 worth of lumber from a lumberyard in Mississippi. The check given by Pate in payment of the lumber was worthless, and it was eventually returned marked "Account Closed." The next day, Mr. Pate met Kenneth Holmes at a local truck stop, and sold him the lumber for $3,500. This purchaser, Mr. Holmes, then asked the appellant, Gary Wayne Karr, to find a place to store the lumber, and to help unload it. Karr arranged for a place and had the lumber unloaded there. The record discloses that Karr had made attempts to contact the forklift operator who unloaded the lumber on the day the lumber was "purchased" in Mississippi. This was the day before Mr. Holmes sought his assistance in securing the property, and suggests prior knowledge and a greater participation by him.
 I
The appellant first contends that the State failed to prove that the lumber was stolen property according to the laws of Mississippi, the situs of the crime. Without such proof, he argues, he could not be found guilty of receiving stolen property if the property was not proven to be stolen. Perhaps because it is settled law, this issue has lain dormant for over 125 years; it apparently has not been addressed since 1851.
The receiving stolen property statutes are §§ 13A-8-16
through 13A-8-19, Code of Alabama 1975. Immediately following those statutes, §§ 13A-8-20 and 13A-8-21, Code of Alabama (1975), respectively, prohibit bringing into this state stolen property or property obtained by false pretenses. In interpreting the predecessor to those statutes, our Supreme Court said the following:
 "The next inquiry is, whether it was necessary to introduce the laws of Louisiana, to show that the taking would have constituted a larceny in that State. It is manifest that it is not the crime committed in Louisiana, that our Statute intended to punish; neither our courts, nor our Legislature have power beyond the limits of our State; we can neither define, nor punish crimes committed against the laws of another country; but we can define and punish crimes committed here. It is not, therefore, the larceny *Page 1075 
committed in Louisiana that constitutes the offence, but it is the bringing of the stolen property into this State. We have the right to forbid this, and may punish for the violation of our law commanding that it shall not be done. — The State v. Seay, 3 Stew. 123 [20 Am.Dec. 66]. Whether, therefore, the felonious taking of the property of another in the State of Louisiana be criminally punished in that state or not, is immaterial; but the inquiry here is, whether the property was taken in Louisiana under such circumstances, as would constitute larceny in this State, if the act was committed here. If the taking in Louisiana would amount to larceny according to our laws, and the property be brought feloniously into this state, the crime is complete, without regard to the laws of Louisiana."
Murray v. State, 18 Ala. 727, 731 (1851). We hold, based onMurray v. State, that it is not necessary to prove the taking was unlawful under the law of the state where the property was taken, only that it was unlawful under Alabama law. It is not contested that the lumber was stolen property according to Alabama law.
 II
The appellant also contends that the trial court erred in allowing "testimony of a previous transaction between John Pate" and himself. The testimony was that the year before this current transaction, the appellant had purchased lumber from John Pate, who had obtained possession of the lumber from its owner in exchange for a worthless check. The general exclusionary rule prevents "the introduction [into evidence] of prior criminal acts by the accused in a prosecution for receiving stolen goods when such acts have no relevancy except as tending to show his bad character." C. Gamble, McElroy'sAlabama Evidence § 70.01 (23) (3d ed. 1977). A primary exception to that rule is that evidence of the prior crimes is admissible if relevant to prove the requisite intent, knowledge, or scienter. "As tending to show such knowledge or reasonable grounds to believe, the State may introduce prior instances of the defendant's receiving other stolen property from the same thief while knowing they were stolen." C. Gamble,McElroy's Alabama Evidence § 70.01 (23) (3d ed. 1977). (Emphasis added.)
 III
At a motion for new trial hearing, the appellant presented the testimony of John Pate, who was not found before the trial. Pate's testimony was that the appellant did not know that he, Pate, was involved in the lumber sale to Mr. Holmes. "Assessing the credibility of evidence presented at a new trial hearing falls to the trial judge because he is in the best position to evaluate the new evidence in light of all that has gone before." Perry v. State, 455 So.2d 999, 1003 (Ala.Cr.App. 1984). The ruling of the trial judge on a motion for new trial will not be distrubed on appeal absent a clear abuse of discretion. Vinzant v. State, 462 So.2d 1037 (Ala.Cr.App. 1984), Perry v. State, supra, and cases collected therein. Furthermore, despite Mr. Pate's claim, the jury could properly have found requisite scienter via "reasonable grounds to believe" the lumber was stolen. § 13A-8-16 (a), Code of Alabama 1975.
AFFIRMED.
All the Judges concur.