The appellant, Gregory Bernard Hobbs, was convicted of the unlawful distribution of controlled substances, a violation of § 13A-12-211, Code of Alabama 1975. He was sentenced as an habitual offender to 20 years in the penitentiary.
The appellant contends that the trial court committed reversible error when it allowed the state to impeach his chief witness, Gwendolyn Garner, with a copy of the record of the appellant's prior conviction for cocaine possession. The appellant contends that the case hinged upon whether the jury believed the testimony of the undercover narcotics officer who participated in the cocaine sale or Ms. Garner, who provided an alibi.
Officer Vickie Higgins with the Huntsville Police Department testified that on the afternoon of April 23, 1993, the appellant sold her three rocks of crack cocaine while she was working as an undercover narcotics investigator.
The appellant's girlfriend, Gwendolyn Garner, testified that the appellant was with her and her children that afternoon. On cross-examination, the state asked Garner when she first met the appellant. Garner answered that she first met the appellant in June 1992 at his cousin's house. For impeachment purposes, the state was allowed to introduce a certified copy of the record of the appellant's previous conviction for possession of cocaine. The conviction was dated February 6, 1990, and the record showed that the appellant had received a 10-year sentence for that conviction. The state asserted that Garner could not possibly have met the appellant when and where she claimed because, it argued, the appellant would have been in prison at that time. The appellant maintained that a copy of a conviction did not prove that an individual was actually in prison, and objected on the basis that the evidence was irrelevant and prejudicial.
The state initially contends that the appellant's claim was not preserved for appellate review because, it argues, his stated grounds on appeal differ from those presented to the trial court. The record reveals that the appellant made numerous objections to *Page 1032 
the state's use of the prior cocaine conviction to impeach Garner. Although these objections were not framed in the exact phraseology the appellant uses on appeal, they were sufficient to apprise the trial court of the nature of the appellant's claim. See Ex parte Works, 640 So.2d 1056 (Ala. 1994). Therefore, his claim was preserved for appellate review.
The appellant first contends that the state impeached Garner on a collateral matter, i.e., the time and place where he and Garner first met. The appellant also asserts that the evidence used to impeach Garner, a copy of the record of his prior conviction for cocaine possession, was extremely prejudicial because he was on trial for a similar drug offense.
The general exclusionary rule bars the state from introducing evidence of an accused's prior criminal acts for the sole purpose of proving the propensity of the accused to commit the charged offense. Malone v. State, 659 So.2d 1006 (Ala.Cr.App. 1995).
 "This exclusionary rule is simply an application of the character rule which forbids the state to prove the accused's bad character by particular deeds. The basis for the rule lies in the belief that the prejudicial effect of prior crimes will far outweigh any probative value that might be gained from them. Most agree that such evidence of prior crimes has almost an irreversible impact upon the minds of the jurors."
C. Gamble, McElroy's Alabama Evidence, § 69.01(1) (4th ed., 1991) (emphasis added). There are several exceptions to the exclusionary rule, such as use of the conviction to prove an element of the present offense, to show motive, capacity, or bias, or to rebut evidence of the accused's good character. However, none of these exceptions were applicable in the appellant's case. Neither was the previous conviction admissible to impeach any testimony of the appellant, because possession of cocaine is not a crime involving moral turpitude.Hall v. State, [Ms. CR-93-738, December 2, 1994] ___ So.2d ___
(Ala.Cr.App. 1994).
Here, the state used this evidence to impeach the appellant's "alibi" witness. The state contends on appeal that any inconsistency in Garner's testimony was material because, it says, the case hinged upon the credibility of the witnesses.
 "The general rule is that a witness may not be impeached on a collateral matter. 3A Wigmore on Evidence § 1003 (Chadbourn rev. 1970); C. Gamble, McElroy's Alabama Evidence § 156.01(1) (3d ed. 1977). A fact is 'collateral' if it is 'admissible neither upon an issue under the pleadings of the case nor for the purpose of impeaching the witness' credibility in some means other than inconsistency.' McElroy's § 156.01(3). Wigmore states the test as follows: 'Could the fact, as to which error is predicated, have been shown in evidence for any purpose independently of the contradiction?' 3A Wigmore § 1003 (emphasis omitted)."
Brundage v. State, 585 So.2d 238, 240 (Ala.Cr.App. 1991).
Was the time and place of Garner's first meeting with the appellant a collateral matter to the subject at issue? The only reason given by the state for eliciting this testimony was to show a contradiction and thus weaken Garner's credibility before the jury. The testimony did not relate to any substantive issue in the case. Whether Garner first met the appellant in June 1992 or some time later was simply irrelevant to whether the appellant was with Garner on the afternoon of the cocaine sale. With possible bias on the part of Garner already established by their relationship, the cross-examination on when and where Garner and the appellant first met served no purpose other than to reveal an inconsistency in Garner's testimony and to get evidence of the appellant's prior conviction before the jury circuitously. "It is improper impeachment if, after a party elicits immaterial testimony from a witness, that party seeks to impeach the witness by the witness's own testimony or by calling another witness to impeach the first witness's testimony on the immaterial matter." Tarver v. State, 500 So.2d 1232, 1243
(Ala.Cr.App. 1986). The trial court erred in allowing the state to impeach Garner *Page 1033 
concerning the time and place of her first meeting with the appellant, and this error was compounded by the use of evidence of the appellant's prior cocaine conviction to do so.
Last, the state contends that any possible prejudice was minimized by the limiting instruction given by the court. The court instructed the jury to consider the evidence of the appellant's prior conviction only for the purpose of evaluating the truthfulness of Garner's testimony, and not as evidence of the appellant's guilt.
" 'Whether the improper admission of evidence [of collateral crimes] constitutes prejudicial error or harmless error must be decided on the facts of each case.' " Buchannon v. State,554 So.2d 477, 482 (Ala.Cr.App. 1989), quoting United States v.Ismail, 756 F.2d 1253 (6th Cir. 1985). The jury's decision in this case hinged on the credibility of the witnesses. The appellant's cross-examination of Officer Higgins revealed discrepancies in her testimony that supported the appellant's claim of mistaken identity. The record itself discloses that, during the jury's deliberations, a written question was sent to the trial court, which read, "Is it standard practice to send one officer in on a drug buy without an audio device, video device or another undercover officer as a witness to witness the transaction?" This question suggests that one or more jurors had doubts regarding the sufficiency of the state's case as to the identity of the defendant as the drug dealer. We cannot say that the improper admission of evidence of knowledge of the appellant's previous conviction for cocaine possession did not influence the jury's decision. Therefore, the appellant's conviction must be reversed.
The judgment is reversed and the case remanded to the Circuit Court for Madison County for proceedings not inconsistent with this decision.
REVERSED AND REMANDED.
All the Judges concur.