The defendant Quintus Bernard Casey was indicted and tried for three counts of first-degree receiving stolen property, ten counts of second-degree receiving stolen property, and five counts of illegal possession of a credit or debit card. The jury found him guilty of one count of first-degree receiving stolen property and one count of second-degree receiving stolen property, but found him not guilty of the other charged offenses. The trial court adjudged Casey guilty of the two counts of receiving stolen property, and sentenced him, as an habitual felony offender, to concurrent terms of twenty years and fifteen years in prison. The Court of Criminal Appeals affirmed, in an unpublished memorandum, the judgment of the trial court. Judge Cobb dissented from the memorandum affirmance on the ground that the trial court had erroneously admitted evidence of prior collateral offenses committed by Casey. Casey v. State,889 So.2d 613, 613 (Ala.Crim.App. 2003) (Cobb, J., dissenting).
After the Court of Criminal Appeals overruled Casey's application for rehearing, he petitioned this Court for certiorari review, which we granted to determine whether the admission of evidence of convictions Casey received in 1995 for theft of property and unauthorized use of a credit card violated the general exclusionary rule of Rule 404(b), Ala. R. Evid. We reverse and remand.
The State presented evidence that, in December 2000, police officers found stolen tools, stereo equipment, and compact discs in Casey's girlfriend's apartment, where Casey often stayed, and in Casey's girlfriend's car, which Casey often drove. As his defense, Casey argued that he did not have control of the apartment or the car and that he did not have knowledge of the stolen items therein or knowledge of their stolen character.
For the declared purpose of proving identity and criminal intent and knowledge, the State offered a case action summary of convictions Casey received in 1995 for theft of property and unauthorized use *Page 617 
of a credit card. Over Casey's objection, the trial court admitted the case action summary. Neither the case action summary nor any other evidence detailed any facts about the prior convictions. The trial court gave this "limiting" instruction about the prior convictions:
 "There has been evidence presented by the State that the Defendant has been previously convicted of theft of property and unauthorized use of a credit card. I allowed this evidence to be presented not for the purpose of proving that the Defendant committed the crimes now charged but only for the limited purpose of the elements of knowledge and intent.
 "I instruct you that you may not use these previous crimes as substantive evidence that the Defendant committed the crimes now charged. In other words, you cannot consider the previous crimes of the Defendant as evidence that he committed the now-charged crimes but only as evidence of the elements of knowledge and intent."
The Court of Criminal Appeals held that the evidence of Casey's prior convictions was admissible to prove "that he had knowledge of the presence of the stolen items [found in his girlfriend's apartment and car] and [that] he intended to exercise control over those items." The Court of Criminal Appeals did not hold that the evidence of Casey's prior convictions was admissible to prove his identity as the perpetrator of the charged offenses. The Court of Criminal Appeals held that the limiting instruction by the trial court explained the probative value of the prior collateral act evidence and removed the danger of prejudice to the defendant. The Court of Criminal Appeals concluded that any error in the admission of the prior collateral act evidence was harmless because the jury did not find Casey guilty of all of the charged offenses.
Section 13A-8-16(a), Ala. Code 1975, provides:
 "A person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe
it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner."
(Emphasis added.) Section 13A-8-2 defines theft:
 "A person commits the crime of theft of property if he:
 "(1) Knowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property; or
 "(2) Knowingly obtains by deception control over the property of another, with intent to deprive the owner of his property."
Property acquired by theft would be "stolen property." §13A-8-1(12), Ala. Code 1975.
The exclusionary rule, Rule 404(b), Ala. R. Evid., provides:
 "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ."
Long before the adoption and effective date of Rule 404(b) on January 1, 1996, the exclusionary rule was explained and followed in our caselaw. The adoption of Rule 404(b) did not abrogate our prior caselaw on the exclusionary rule. Hunter v. State,802 So.2d 265 (Ala.Crim.App. *Page 618 
2000). Our caselaw explains the purpose of the exclusionary rule:
 "The general rule is that in criminal prosecutions, evidence of prior criminal acts is not admissible since the only facts to be laid before the jury should consist exclusively of the transaction which forms the subject of the indictment, and which alone the defendant is called on to answer.
 "This rule, however, is subject to some well recognized exceptions. Evidence of other distinct criminal acts is admissible when relevant to the crime charged, as bearing on scienter, intent, motive, res gestae, or to establish the identity of the accused. . . . The authorities also recognize such an exception to show system or plan usually to identify the accused or to show intent. But even under the exceptions noted they or one of them is admissible only when the evidence is relevant to the crime charged.
 "Stated another way, the State is not permitted to give in evidence other crimes alleged to have been committed by the defendant unless they are so connected by circumstances with the particular crime charged as that proof of one fact with its circumstances has some bearing on the issue on trial other than to show in the defendant a tendency or disposition to commit the crime with which he is charged.
 "The court as early as 1864, in Ingram v. State, 39 Ala. 247 [(1864)], reversed the trial court for its instruction to the jury to limit its consideration of prior acts of distilling `in aggravation of the fine but for no other purpose.' The Ingram case mentions as inadmissible evidence of other distinct crimes when not related to the crime charged except where such evidence is `offered to prove scienter, or intent, or motive, or to make out the res gestae, or to establish identity.' 39 Ala. [at] 253. That case did not mention all of such exceptions, but we have noticed them above.
". . . .
 "In Mason v. State, [259 Ala. 438, 66 So.2d 557
(1953)], the defendant was on trial for the offense of robbery. The State was permitted to prove that about the same time the defendant had committed several other robberies on other people and establishments. The court in that case entered into a lengthy discussion of the various exceptions to the general rule and the relevancy of evidence sought to be brought under them. We see no good purpose in an elaborate discussion of these exceptions now. (They are noted in the cases we cite.) In concluding that the evidence was inadmissible the court stated:
 "`As we see it the testimony in the present case shows four distinct and separate crimes which had no connection with each other except in point of time and except that according to the evidence the defendant committed each robbery. We believe from a full and complete consideration of the matter that the allowance in evidence of proof of the other crimes, to which we have referred, was highly prejudicial and harmful to the appellant.'
 "The [murder] case at bar is quite different from such cases as McKenzie v. State, 250 Ala. 178, 33 So.2d 488 [(1947)], where on trial for assault with intent to rape, the prosecution was permitted to show that about the same time the defendant had taken another victim to the same place under the same circumstance, and making the same pretenses, had committed an assault on this second victim, as tending to show the criminal intent with which he committed the assault on the person in the case under trial. This court there observed: *Page 619 
 "`And this principle is emphasized in the instant case by the further fact the proof as to the attack on Mrs. Outlaw followed the like pattern or technique as to Miss Eddins [prosecutrix], that is, luring her to the same secluded spot and first making use of the pretense of a lost bracelet and the like.' 250 Ala. [at] 180, 33 So.2d [at] 490.
". . . .
 ". . . [W]e conclude that the proffered evidence in the instant [murder] case, of a separate and distinct criminal offense, in no way related to the crime charged, and not coming within any of the exceptions noted, was erroneously admitted. As we see it, its only effect was to show defendant's character as a man who had been previously guilty of another and entirely distinct robbery. This cannot be done. Mason v. State, supra."
Garner v. State, 269 Ala. 531, 533-34, 114 So.2d 385, 386-87
(1959) (some citations omitted; emphasis added). This Court also said, in Harden v. State, 211 Ala. 656, 658, 101 So. 442, 443
(1924):
 "It is the law that distinct criminal acts, having no connection with [the charged offense], and shedding no light on defendant's connection therewith, are inadmissible. Such testimony may tend to create an atmosphere upon the trial highly injurious to defendant. Care should always be taken not to convict a man of one alleged crime because he has been guilty of another."
In Mason v. State, 259 Ala. 438, 66 So.2d 557 (1953), a robbery case, this Court opined:
 "Where knowledge is an essential element of the crime charged, proof of other crime[s] is admissible if they tend to show that the defendant in the case on trial had such knowledge. For example, if the crime charged was receiving stolen goods, evidence that the defendant had previously received stolen goods from the same thief is admissible. The evidence of other crimes in the case at bar can have no connection with knowledge. There was no attempt by proof of the other crimes to show that the defendant knew that Ernie Gilbert had money or that the defendant knew anything that would aid him in the alleged robbery for which he was on trial.
 "Is the evidence of the other crimes relevant to show the intent of the defendant in the case on trial? . . .
"`. . . .'
 ". . . In order to be relevant on the theory of intent, evidence of the robberies against C.W. Fisher, Albert Schwartz and Chesley Hazlett, must have some connection with the crime charged. There was no such connection. In none of the three other crimes did the witnesses make any statement which would indicate that the defendant robbed Ernie Gilbert [the victim of the charged robbery] or that he had an intent to rob him."
259 Ala. at 441, 66 So.2d at 559 (citations omitted; emphasis added). Similarly, in Hunter v. State, 802 So.2d 265
(Ala.Crim.App. 2000), the Court of Criminal Appeals held that the admission of evidence that the defendant had committed a prior collateral robbery into the trial of robbery and assault charges against the defendant violated the general exclusionary rule. The Court of Criminal Appeals said:
 "Given that intent may be inferred from the nature of the [charged] assault and the robbery and that the circumstances surrounding the collateral robbery were substantially different from the present case, evidence of the collateral robbery in the cemetery was not admissible as tending to prove intent. The prejudicial impact of Crawford's *Page 620 
testimony of the collateral robbery, particularly in light of the fact that the testimony was unnecessary, substantially outweighed any probative value."
802 So.2d at 269.
Likewise, "[s]cienter is an element of proof necessary to sustain a conviction of receiving stolen property, but scienter may be inferred by the jury from the facts and circumstances of the entire transaction." Wilson v. State, 361 So.2d 1167, 1170
(Ala.Crim.App. 1978). Explaining the exclusionary rule in a receiving-stolen-property case, Karr v. State, 491 So.2d 1073
(Ala.Crim.App. 1986), the Court of Criminal Appeals said:
 "The general exclusionary rule prevents `the introduction [into evidence] of prior criminal acts by the accused in a prosecution for receiving stolen goods when such acts have no relevancy except as tending to show his bad character.' C. Gamble, McElroy's Alabama Evidence § 70.01(23) (3d ed. 1977). A primary exception to that rule is that evidence of the prior crimes is admissible if relevant to prove the requisite intent, knowledge, or scienter. 'As tending to show such knowledge or reasonable grounds to believe, the State may introduce prior instances of the defendant's receiving other stolen property from the same thief while knowing they were stolen.' C. Gamble, McElroy's Alabama Evidence § 70.01(23) (3d ed. 1977)."
491 So.2d at 1075 (some emphasis original; some emphasis added). In Karr, the defendant was indicted and tried for first-degree receiving stolen property for his purchase of lumber from a certain thief, John Pate, who had purported to purchase the lumber with a worthless check. Over the defendant's objection, the trial court allowed testimony from Pate to the effect that, a year before the charged offense, Pate had sold the defendant other lumber which Pate had also obtained with a worthless check. On appeal of the defendant's conviction, the Court of Criminal Appeals held that Pate's testimony to his previous dealing with the defendant was admissible to prove the requisite scienter in the defendant for the charged offense of receiving stolen property, "from the same thief," Pate. Id.
The consistent converse of Karr is the case of Stephens v.State, 53 Ala.App. 371, 300 So.2d 414 (1974), which controls the case now before us. In Stephens, the defendant was indicted, tried, and convicted of receiving stolen guns from two thieves, who are named in the opinion. During the trial, and over the defendant's objection, the State introduced evidence that, on another occasion, the defendant had bought other stolen guns from other thieves. Concluding that the admission of such testimony was reversible error, the Court of Criminal Appeals held:
 "To show scienter of receiving stolen goods, proof of other like offenses must be confined to proof of purchases from the same thief from whom the alleged receiver got the goods laid in the indictment sub judice.
". . . .
 "Without question, the admission of this testimony was prejudicial, adding increments of unrelated guilt to the weighing pans of the scales of justice."
Stephens, 53 Ala.App. at 372-73, 300 So.2d at 415. AccordSledge v. State, 40 Ala.App. 671, 122 So.2d 165 (1960), to precisely the same effect because the collateral bad act supplied the defendant with no knowledge that would have contributed to the knowledge or intent to be proved against him in the case being tried.
In the case now before us, the admission of evidence of Casey's 1995 convictions violates the general exclusionary rule *Page 621 
of Rule 404(b). The record, which contains none of the factual specifics of the defendant's prior convictions, discloses no logical connection between his prior theft or his prior unauthorized use of a credit card and his knowledge of the presence, ownership, or stolen character of any of the items he was being tried for receiving in the case now before us. That is, the defendant's mere knowledge that the property he previously had been convicted of stealing or the credit card he had previously been convicted of using without authority belonged to some other persons would not, in the absence of some evidence of connecting facts, supply the defendant with knowledge of the presence, ownership, or stolen character of items found five years later in his girlfriend's apartment and car and would not enable him to differentiate between items there which were stolen and items there which were not stolen. In other words, the record reveals no identity or connection between what the defendant knew or learned in his prior crimes and what he knew or learned about the items in his girlfriend's apartment or car.
Likewise, except for the tendency, condemned by Rule 404(b), "to show action in conformity therewith," the record before us discloses no logical connection between what the defendant intended with the property or the credit card of his prior convictions and what, if anything, the defendant intended with the myriad of items, stolen and not stolen, in his girlfriends's apartment, in her car, or indeed in any of the places the defendant might have frequented. That is, the record discloses no identity or connection between the defendant's intent in his prior crimes and his intent in his girlfriend's apartment or car or his intent anywhere else, except to the extent of the suggestion, forbidden by Rule 404(b), that, since he had harbored the dishonest intent that constituted essential elements of his prior crimes, he must have harbored the dishonest intent that constituted essential elements of the crimes charged in the case now before us.
Karr, supra, is instructive, and Stephens and Sledge,supra, are analogous and controlling. In Karr, the defendant's prior bad act of buying stolen lumber from "the same thief" and the defendant's prior knowledge or acquisition of knowledge that that lumber had been stolen supplied him "reasonable grounds to believe" that the lumber he later bought from that "same thief" was stolen. Thus the prior bad act logically tended to prove the scienter that is an essential element of receiving stolen property. § 13A-8-16(a). Conversely, in Stephens, the defendant's prior bad act of receiving stolen guns from two thieves, and the defendant's knowledge or acquisition of knowledge that those guns had been stolen, did not supply him with knowledge that other sellers of other guns the defendant later bought were also thieves who had stolen the latter guns.Accord, Sledge, supra. So, in the case now before us, the defendant's prior convictions, admitted into evidence without any particularized facts to connect them with the offenses being prosecuted, did not logically tend to prove scienter within any of the exceptions to the exclusionary rule now embodied in Rule 404(b).
"[B]efore the reviewing court can affirm a judgment based upon the `harmless error' rule, that court must find conclusively that the trial court's error did not affect the outcome of the trial or otherwise prejudice a substantial right of the defendant." Exparte Crymes, 630 So.2d 125, 126 (Ala. 1993) (emphasis omitted). "`The basis for the [exclusionary] rule lies in the belief that the prejudicial effect of prior crimes will far outweigh any probative value that might be gained from them. Most *Page 622 
agree that such evidence of prior crimes has almost an irreversible impact upon the minds of the jurors.'" Ex parteCofer, 440 So.2d 1121, 1123 (Ala. 1983), quoting C. Gamble,McElroy's Alabama Evidence § 69.01(1) (3d ed. 1977), also quoted in Hobbs v. State, 669 So.2d 1030, 1032 (Ala.Crim.App. 1995).
 "The State has no absolute right to use evidence of prior acts to prove the elements of an offense or to buttress inferences created by other evidence. Evidence of prior bad acts of a criminal defendant is presumptively prejudicial to the defendant. It interjects a collateral issue into the case which may divert the minds of the jury from the main issue. Kilpatrick v. State, 51 Ala.App. 352, 285 So.2d 516
(1973), cert. denied, 291 Ala. 628, 285 So.2d 525
(1973). Therefore, the admission of such evidence constitutes reversible error. Hinton v. State, 280 Ala. 48, 189 So.2d 849 (1966)."
Ex parte Cofer, 440 So.2d at 1124. "`The tendency of such evidence [of another and distinct crime] to work great injury to the accused renders its admission reversible error, unless it is brought within one of the exceptions recognized by law.'" Hintonv. State, 280 Ala. 48, 52, 189 So.2d 849, 850 (1966).
The only tendency of the defendant's prior convictions was the purpose prohibited by Rule 404(b), "to show action in conformity therewith" — that is, to show that, since the defendant dishonestly acquired property in 1995, he dishonestly acquired other property in 2000. The erroneous admission of the defendant's prior convictions into evidence substantially increased the likelihood that he would be convicted on at least some of the numerous counts then being tried, as he was.
The "limiting" instruction given by the trial court to the jury did not ameliorate the prejudicial effect of the erroneous admission of the defendant's prior convictions. Indeed, the instruction contradicted itself and exacerbated the prejudice. While the trial judge told the jurors they could not consider the prior convictions "as evidence that [the defendant] committed the now-charged crimes," the trial judge, in the same breath, told the jurors they could consider the prior convictions "as evidence of the elements of knowledge and intent" (emphasis added) of the now-charged crimes, and thus, in legal and practical effect, that they could consider the prior convictions "as evidence that [the defendant] committed the now-charged crimes." In other words, considering the prior convictions as evidence of the elements of "the now-charged crimes" is the same as considering the prior convictions as evidence of the commission of "the now-charged crimes."
The defendant's prior convictions were inadmissible and prejudicial. Thus, the convictions now before us must be reversed and the case remanded for a new trial.
REVERSED AND REMANDED.
HOUSTON, LYONS, HARWOOD, and WOODALL, JJ., concur.
SEE, BROWN, and STUART, JJ., dissent.