McMILLAN, Presiding Judge.
The appellant, Terrence Turner, appeals from his conviction for unlawful possession of a controlled substance (cocaine), a violation of § 13A-12-212, Ala.Code 1975. He was sentenced as a habitual offender to 17 years’ imprisonment. He was also ordered to pay a $2,500 fine, $1,000 to the victims compensation fund, $2,000 pursuant to the Drug Demand Reduction Assessment Act, $100 to the Alabama Department of Forensic Sciences Trust Fund, and court costs.
Turner contends that the trial court committed reversible error by denying his motion in limine and allowing the State, over objections at trial, to present evidence of a prior conviction for possession of cocaine. Specifically, he contends that admission of the evidence violated Rule 404(b), Ala. R. Evid.
The record indicates that Turner was charged with one count of possession of a controlled substance, i.e., cocaine. The State’s case was based on proving constructive possession by Turner, who while driving his vehicle pulled over to a street curb so that the passenger could retrieve crack cocaine that had earlier been thrown from the car while he and the passenger were being pursued by police officers. Unbeknownst to Turner, the officers had received a tip from a confidential informant that, as they were pursuing the vehicle, an object had been thrown from it. The police returned to the location where the informant said the object had been thrown from the car, set up surveillance, and waited for Turner to return. Approximately 45 minutes later, Turner and his passenger returned to the place where the cocaine had been thrown. After the police saw the passenger pick something up from the side of the road, they approached the vehicle and found a rock of crack cocaine in the vehicle on the passenger’s side. Turner denied any knowledge of the cocaine. At trial, the passenger in Turner’s vehicle claimed that the cocaine belonged to him.
The State, pursuant to Rule 404(b), Ala. R. Evid., sought to have Turner’s five pri- or convictions for possession of a controlled substance admitted into evidence. The trial court conducted a pretrial hearing on Turner’s motion. At that hearing, trial counsel argued that Turner’s defense would be that he did not know of the presence of the cocaine in his car. The State argued that its purpose for offering evidence of the prior convictions was to show Turner’s knowledge and intent to possess the cocaine, in order to prove the elements of constructive possession.
The trial court ruled that, based on the remoteness of the convictions, the State would not be allowed to admit any of the prior convictions except the most recent one, which had occurred in 1997. The trial court stated that it would allow the most recent conviction to show knowledge and intent. The trial court also stated that it would give the jury a limiting instruction *1043 on the purpose for which the evidence could be used.
At trial, the State presented evidence of Turner’s prior conviction through the testimony of Officer Anthony Lee Nelms, a City of Dothan police officer, who testified that he had arrested Turner on September 3, 1997, after he found him sitting on the ground complaining of medical problems. Turner told Officer Nelms that he had swallowed $200 worth of crack cocaine because he had seen a police car drive by and had become nervous that he might be caught with the cocaine. Officer Nelms testified that he took Turner to the hospital where his stomach was pumped, and it was determined that he had ingested a large quantity of cocaine. The trial court instructed the jury that evidence of Turner’s prior conviction was offered by the State, along with other evidence, in an attempt to prove Turner’s knowledge of the cocaine, as well as his intent to exert control over the cocaine.
In its limiting instruction to the jury, the trial court stated:
“Now, in this case, the State has put on evidence of a prior possession of cocaine back several years before in order to prove knowledge and intent. That’s not the only way they say they are satisfying that knowledge element, but it is one of the ways they say they are satisfying it. And you cannot use that information or that evidence to say that, well, just because he did it last time, he must have done it this time. But you can consider it when you consider all of the surrounding circumstances as to whether he did have knowledge of the cocaine.”
The exclusionary rule, Rule 404(b), Ala. R. Evid., provides:
“Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....”
The Alabama Supreme Court has stated:
“ ‘[Bjefore the reviewing court can affirm a judgment based upon the “harmless error” rule, that court must find conclusively that the trial court’s error did not affect the outcome of the trial or otherwise prejudice a substantial right of the defendant.’ Ex parte Crymes, 630 So.2d 125, 126 (Ala.1993) (emphasis omitted). ‘ “The basis for the [exclusionary rule] lies in the belief that the prejudicial effect of prior crimes will far outweigh any probative value that might be gained from them. Most agree that such evidence of prior crimes has almost an irreversible impact upon the minds of jurors.” ’ Ex parte Cofer, 440 So.2d 1121, 1123 (Ala.1983), quoting C. Gamble, McElroy’s Alabama Evidence, § 69.01(1)(3d ed.1977), also quoted in Hobbs v. State, 669 So.2d 1030, 1032 (Ala.Crim.App.1995).”
Ex parte Casey, 889 So.2d 615, 621-22 (Ala.2004).
“The State has no absolute right to use evidence of prior acts to prove the elements of an offense or to buttress inferences created by other evidence. Evidence of prior bad acts of a criminal defendant is presumptively prejudicial to the defendant. It interjects a collateral issue into the case which may divert the minds of the jury from the main issue. Therefore, the admission of such evidence constitutes reversible error.”
Ex parte Cofer, 440 So.2d 1121, 1124 (Ala.1983) (citations omitted).
In Ex parte Casey, supra, the Alabama Supreme Court stated that the adoption of Rule 404(b) did not abrogate our *1044 prior caselaw on the exclusionary rule. See also Hunter v. State, 802 So.2d 265 (Ala.Crim.App.2000).
Our caselaw explains the purpose of the exclusionary rule:
“ ‘The general rule is that in criminal prosecutions, evidence of prior criminal acts is not admissible since the only facts to be laid before the jury should consist exclusively of the transaction which forms the subject of the indictment, and which alone the defendant is called on to answer.
“‘This rule, however, is subject to some well recognized exceptions. Evidence of other distinct criminal acts is admissible when relevant to the crime charged, as bearing on scienter, intent, motive, res gestae, or to establish the identity of the accused ... The authorities also recognize such an exception to show system or plan usually to identify the accused or to show intent. But even under the exceptions noted they or one of them is admissible only when the evidence is relevant to the crime charged.
“ ‘Stated another way, the State is not permitted to give in evidence other crimes alleged to have been committed by the defendant unless they are so connected by circumstances with the particular crime charged as that proof of one fact with its circumstances has some bearing on the issue on trial other than to show in the defendant a tendency or disposition to commit the crime with which he is charged.’ ”
Ex parte Casey, 889 So.2d at 618 (quoting Garner v. State, 269 Ala. 531, 533^34, 114 So.2d 385, 386-87 (1959)).
In Ex parte Casey, supra, the appellant was found guilty of first- and second-degree receiving stolen property. During the trial that resulted in those convictions, the trial court allowed the State to present evidence of Casey’s 1995 conviction for theft of property and unauthorized use of a credit card. The trial court admitted this evidence for the purpose of proving identity and criminal intent and knowledge. Even though the trial court gave a “limiting” instruction, instructing the jurors not to consider the previous crimes as evidence that Casey committed the charged crimes, the Alabama Supreme Court found that this evidence violated the general exclusionary rule of Rule 404(b), Ala. R. Evid. The Alabama Supreme Court reasoned:
“The record, which contains none of the factual specifics of the defendant’s prior convictions, discloses no logical connection between his prior theft or his prior unauthorized use of a credit card and his knowledge of the presence, ownership, or stolen character of any of the items he was being tried for receiving in the ease now before us. That is, the defendant’s mere knowledge that the property he previously had been convicted of stealing or the credit card he had previously been convicted of using without authority belonged to some other persons would not, in the absence of some evidence of connecting facts, supply the defendant with knowledge of the presence, ownership, or stolen character of items found five years later in his girlfriend’s apartment and car and would not enable him to differentiate between items there which were stolen and items there which were not stolen. In other words, the record reveals no identity or connection between what the defendant knew or learned in his prior crimes and what he knew or learned about the items in his girlfriend’s apartment or car.”
Ex parte Casey, 889 So.2d at 621.
The Alabama Supreme Court concluded that “[t]he only tendency of the defendant’s prior convictions was the purpose *1045 prohibited by Rule 404(b), ‘to show action in conformity therewith’ — that is, to show that, since the defendant dishonestly acquired property in 1995, he dishonestly acquired other property in 2000.” Ex parte Casey, 889 So.2d at 622. See also Osborn v. State, 910 So.2d 811 (Ala.Crim.App.2005); McAdory v. State, 895 So.2d 1029 (Ala.Crim.App.2004).
In this case, the admission of evidence of Turner’s 1997 conviction violated the general exclusionary rule of Rule 404(b). The record discloses no logical connection between Turner’s prior conviction and the present charge. That is, the defendant’s prior conviction for possession of cocaine would not, in the absence of some connecting facts, supply the defendant with the knowledge of the presence of cocaine in his vehicle, the subject of the instant offense. Except for the tendency, condemned by Rule 404(b), “to show action in conformity therewith,” the record before us discloses no logical connection between the defendant’s obvious knowledge of cocaine generally, as evidenced by his prior conviction, and his knowledge of the presence of cocaine in his vehicle, or his intent to possess that cocaine, which were the primary issues in the present case.
Further, the error in the admission of Turner’s prior conviction could not be considered harmless, because its admission into evidence substantially increased the likelihood that Turner would be convicted on the instant charge, as he was. Moreover, the limiting instruction given by the trial court to the jury did not negate the prejudicial effect of the erroneous admission. In fact, the instruction contradicted itself and exacerbated the prejudice because the trial court told the jury that it could not consider the prior conviction as evidence that Turner committed the charged crime. However, the court charged the jury that the prior conviction could be considered as evidence that Turner had the knowledge and intent to possess the cocaine' in the instant case. As in Ex parte Casey, supra, the jury’s consideration of the prior conviction as evidence of the elements of knowledge and intent in the charged crime is the same as considering the prior conviction as evidence that Turner committed the charged offense.
Because evidence of Turner’s prior conviction was inadmissible and prejudicial, his conviction must be reversed and the case remanded for a new trial.
REVERSED AND REMANDED.
COBB, J., concurs.
SHAW, J., concurs specially, with opinion.
BASCHAB, J., dissents, with opinion.
WISE, J., joins in dissent.