WELCH, Judge, dissenting.
The majority affirms Zachary Walden's convictions for first-degree unlawful possession of marijuana, a violation of § 13A-12-213, Ala. Code 1975, and for unlawful possession of drug paraphernalia, a violation of § 13A-12-260, Ala. Code 1975, over Walden's argument that the trial court erred when it admitted evidence of Walden's prior conviction for the unlawful distribution of a controlled substance - marijuana - for the purpose of showing intent and knowledge as to the possession charge for which he was being tried. The evidence was inadmissible, the error in its admission was not harmless, and Walden is entitled to a reversal of his conviction.
This case presents a textbook example of the reason Rule 404(b), Ala. R. Evid., was created. Evidence of Walden's prior conviction for marijuana distribution was irrelevant to the charges of marijuana possession and possession of paraphernalia for which Walden was tried; the evidence was admitted solely to prove Walden's bad character and to show that he had acted in conformity with that bad character; and even if the evidence had any probative value - and it did not - the evidence should not have been admitted because any probative value would have been outweighed by its prejudicial effects, see Rule 403, Ala. R. Evid. Based on the evidence that was properly admitted, the State had virtually no chance of obtaining convictions because guilty verdicts would have been based on a pure speculation.
Although the trial court has substantial discretion when determining the admissibility of evidence, "[e]vidence of prior or subsequent collateral bad acts and crimes is generally inadmissible." Bailey v. State, 75 So.3d 171, 183 (Ala. Crim. App. 2011). Rule 404(b), Ala. R. Evid., provides:
"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
The basis for this rule of limited admissibility is that evidence of prior crimes has almost an irremediable impact on the jurors and their deliberations. E.g., Ex parte Billups, 86 So.3d 1079, 1084 (Ala. 2010). Even if a collateral act has some relevance or probative value toward proof of an element of the charged crime, further analysis is required before that evidence is properly admitted. Rule 403, Ala. R. Evid., provides, in pertinent part, that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed *12 by the danger of unfair prejudice...."
The majority presents a brief summary of the facts because, as it correctly notes, Walden does not challenge the sufficiency of the evidence. However, the testimony of the officer Alva Carlson, who had the initial contact with Walden, is highly relevant to this issue. Officer Carlson testified on direct examination that he had responded to a report of a blue car with one occupant being driven recklessly. Officer Carlson found a car fitting the description several minutes later, and he had stopped behind the car while it was parked in Walden's mother's yard. Walden had stepped out of the passenger's side, closed the door, and walked toward the house. The driver then drove away and Officer Carlson pursued him. Officer Carlson testified that he saw the driver throw a cooler out of the passenger's window, and that a coffee can was found on the passenger's floorboard after the driver was apprehended. The cooler and the coffee can contained marijuana. Officer Carlson testified on cross-examination, in relevant part, as follows:
"Q. [DEFENSE COUNSEL] What is Mr. Walden's connection to this marijuana?
"A. [OFFICER CARLSON] Well, he was in the vehicle that the marijuana was found inside.
"Q. Stop. Let me ask about that. So, you told us a while ago that the officer did see one person in that vehicle, and when you come up there, Mr. Walden was sitting in the car in front of his mama's house.
"Right?
"A. Correct.
"Q. Okay. So the fact that Mr. Walden sat down in that car makes it his marijuana, some how?
"A. It is constructive possession.
"Q. Is it?
"A. Yes.
"Q. Well, in order for Mr. Walden to be in constructive possession of the marijuana in that can, wouldn't he have had to have known what is in that can?
"A. He was in the vehicle where the marijuana was located.
"Q. My question is, wouldn't he have to have known what was in the can in order to be in constructive possession of it?
"A. No, sir.
"Q. He wouldn't have?
"A. (Witness nods.)
"Q. So, if Mr. Walden didn't know what was in the can or didn't know that the marijuana was in the can, if he had the can, he is guilty of possession of marijuana? Is that what you are telling me?
"A. Yes.
"Q. Yes?
"A. Are you asking me?
"Q. I am asking you.
"A. Do we have a statute book?
"Q. I do, but that is all right.
(R. 73-75.)
On further cross-examination of the officer with regard to the coffee can, the prosecutor asked, "Where was that can at when this car was parked up in front of Mr. Walden's house?" (R. 75.) Officer Carlson answered, "That I don't know." Id.
The prosecutor also questioned Officer Carlson about the cooler:
"Q. You told us that this cooler come out on the right side of that car while it was going down the road. Right?
"A. Correct.
"Q. Now, where was this - where was this cooler at when that car was parked *13 up in front of Mr. Walden's mother's house?
"A. That, I don't know.
(R. 75.)
Officer Carlson testified that he did not know where in the car the cooler had been before the driver threw it out of the passenger window. The cross-examination continued:
"Q. You don't know if the defendant had it in the back seat or whatever, and got it and was trying to throw it out do you?
"A. I do not.
"Q. Then, how do you know that Mr. Walden even knew about the marijuana?
"A. That, I don't know.
"Q. You don't know that he knew about it?
"A. I don't know.
"Q. Okay. Well, that is what I am asking you.
"A. Okay."
(R. 76-77.)
The foregoing testimony reveals no evidence that Walden had knowledge of the presence of coffee can or the marijuana in the coffee can. The testimony reveals no evidence that Walden had knowledge of the presence of the cooler or the marijuana in the cooler. The majority explains that, after the State presented evidence of the arrests of the driver and Walden, and of the discovery of what was determined to be marijuana:
"[T]he circuit court ruled that the State could introduce evidence of Walden's conviction for the unlawful distribution of a controlled substance for the purpose of showing `intent and knowledge as part of that constructive possession charge.' (R. 118-19.) The circuit court sustained Walden's objection to the introduction of his conviction for possession of marijuana in the first degree."
241 So.3d at 9.
The majority's analysis on the issue is brief:
"Walden's previous conviction was for the unlawful distribution of a controlled substance, specifically marijuana. This conviction showed that Walden was familiar with the smell of marijuana and had knowledge that there was marijuana inside of the cooler and coffee can when he sat in the passenger seat of the vehicle."
241 So.3d at 10. (Emphasis added.) I strongly disagree.
Absolutely nothing about the prior conviction for the distribution of marijuana showed that Walden had knowledge that the coffee can and cooler were inside the car, and it certainly did not show that Walden had knowledge that the cooler and the coffee can contained marijuana. The prior conviction would have shown that Walden had knowledge of the smell of marijuana, but that knowledge was not relevant to the proof of the crimes with which he was charged. More importantly, that Walden was familiar with the smell of marijuana can not be stretched to the lengths to which the majority has attempted to have it reach - and that is to somehow establish that he knew that the cooler and coffee can were in the car, and that he knew that marijuana was in the cooler and the coffee can. Most telling of all is the absence of any discussion in the memorandum opinion regarding any link between the prior conviction for distribution of marijuana and Walden's intent to possess the marijuana and paraphernalia that had been in some unknown location in the car while he was sitting in it.
Walden's convictions should be reversed for the same reasons this Court reversed a conviction for unlawful possession of a controlled *14 substance, cocaine. Turner v. State, 929 So.2d 1041 (Ala. Crim. App. 2005). Over Turner's objection on Rule 404(b) grounds, the trial court allowed the State to present evidence of Turner's prior conviction for cocaine possession. This Court stated:
"In this case, the admission of evidence of Turner's 1997 conviction violated the general exclusionary rule of Rule 404(b). The record discloses no logical connection between Turner's prior conviction and the present charge. That is, the defendant's prior conviction for possession of cocaine would not, in the absence of some connecting facts, supply the defendant with the knowledge of the presence of cocaine in his vehicle, the subject of the instant offense. Except for the tendency, condemned by Rule 404(b), `to show action in conformity therewith,' the record before us discloses no logical connection between the defendant's obvious knowledge of cocaine generally, as evidenced by his prior conviction, and his knowledge of the presence of cocaine in his vehicle, or his intent to possess that cocaine, which were the primary issues in the present case."
929 So.2d at 1045.
As in Turner, this Court should hold that evidence of Walden's prior conviction was inadmissible, and we should reverse Walden's convictions.
Because the evidence was irrelevant and inadmissible, considerations of whether the probative value of the evidence is outweighed by its prejudicial value is unnecessary. The trial court's instruction to the jury about its consideration of the prior conviction is also unnecessary, but I address the matter here because I disagree with the majority's discussion of the instruction. The majority states that the prejudice alleged by Walden "was alleviated by the circuit court's instruction to the jury." 241 So.3d at 11. The circuit court instructed the jury "that evidence of other crimes, wrongs, or acts is admissible to prove the defendant's intent and knowledge at the time of the alleged offense." (R. 141.) The instruction eliminated none of the prejudice. In Ex parte Casey, 889 So.2d 615 (Ala. 2004), the Alabama Supreme Court held that evidence of Casey's prior convictions for theft and the unauthorized use of a credit card should not have been admitted during his trial on a charge of receiving stolen property because the evidence should have been excluded under Rule 404(b). The Court further held that the evidence served only to suggest that, because Casey "had harbored the dishonest intent that constituted essential elements of his prior crimes, he must have harbored the dishonest intent that constituted essential elements of the crimes" for which he was then on trial. Id. at 621. The Alabama Supreme Court held that the error was not harmless because, the Court said, the evidence tended only to show that he probably committed the crime for which he was being tried because he had committed a similar crime previously. "The erroneous admission of the defendant's prior convictions into evidence substantially increased the likelihood that he would be convicted on at least some of the numerous counts then being tried, as he was." Id. at 622. The Alabama Supreme Court then discussed the jury charge on the prior bad act:
"The `limiting' instruction given by the trial court to the jury did not ameliorate the prejudicial effect of the erroneous admission of the defendant's prior convictions. Indeed, the instruction contradicted itself and exacerbated the prejudice. While the trial judge told the jurors they could not consider the prior convictions `as evidence that [the defendant]
*15 committed the now-charged crimes, the trial judge, in the same breath, told the jurors they could consider the prior convictions `as evidence of the elements of knowledge and intent' (emphasis added) of the now-charged crimes, and, thus, in legal and practical effect, that they could consider the prior convictions `as evidence that [the defendant] committed the now-charged crimes.' In other words, considering the prior convictions as evidence of the elements of `the now-charged crimes' is the same as considering the prior convictions as evidence of the commission of `the now-charged crimes.'"
Id.
The trial court's charge in this case also allowed the jurors to could consider Walden's prior conviction as evidence of the elements of knowledge and intent, both of which were necessary to prove the charges for which he was on trial. As in Ex parte Casey, the erroneous admission of Walden's prior conviction cannot be considered harmless error, and his convictions should be reversed.
For all of the foregoing reasons, I dissent.