MURDOCK, Justice (dissenting).
I respectfully dissent, and I join Justice Bryan's dissent.
To be admissible under Rule 404(b), Ala. R. Evid., evidence of a prior bad act must go to one of the issues prescribed in the second sentence of that rule, i.e., "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." But that alone is not enough. The prescribed Rule 404(b) issue to which the prior-acts evidence is relevant must actually be "at issue" in the present case. As Justice Bryan notes in his dissent, the fact of the prior bad act must be "probative... to some issue in the present case." 241 So.3d at 5. As to the so-called knowledge exception, one well known treatise puts it this way:
"There is ... a danger that the supposed inferences to knowledge will be obscured by the forbidden inference to propensity, particularly in cases in which the theory of knowledge is the probability that the defendant would have obtained knowledge in the course of repetitive involvement in criminal conduct. For this reason, it is important that there be a genuine issue of knowledge where introduction of other crimes evidence is sought on this theory."
22B Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice & Procedure, Evidence § 5245 (2014) (emphasis added). Compare United States v. Garcia-Rosa, 876 F.2d 209, 221 (1st Cir. 1989) ("The defendant never put his knowledge of drugs at issue; admission of this evidence cannot be justified to rebut an issue that the defendant did not raise."),[1] with United States v. Ramirez, 894 F.2d 565, 568-69 (2d Cir. 1990) ("When the defendant disavows awareness that a crime was being perpetrated, and the government bears the burden of proving the defendant's knowing possession as an element of the crime, knowledge is properly put in issue. On notice of the government's intention to offer the similar act evidence, Ramirez during direct examination denied any knowledge about the contraband concealed within the package. Ramirez's disclaimer, counterposed against the government's burden, put knowledge in issue; consequently, the district court allowed the evidence of his involvement in an attempted *2 cocaine transaction for a proper purpose." (citations omitted)), and United States v. Rubio-Estrada, 857 F.2d 845, 847 (1st Cir. 1988) (admitting evidence of prior conviction because, "[d]uring, and just after, the government's presentation of its case, defendant's counsel, through cross-examination and comment, made clear that a major part of the defense would consist of a claim that the defendant lacked knowledge of the presence of cocaine or intent to commit the crime (which makes it unlawful to `possess [cocaine] with intent to distribute...' 21 U.S.C. § 841(a)(2) (1982))"). See also, e.g., United States v. Neary, 733 F.2d 210, 217 (2d Cir. 1984) (noting that knowledge exception will not justify admission of prior-acts evidence where the matter at issue is one "of common knowledge").
Here, as Justice Bryan points out, no evidence was introduced that the prior conviction involved marijuana. But even if it had, the only plausible reason for the introduction of evidence of Zachary Blake Walden's previous conviction would be to show that he knew what marijuana smelled like (because the police officer said that the smell of marijuana was emanating from the cooler that had been inside the car). But there is no issue in this case as to whether the defendant knew how marijuana smelled; the prior conviction had no probative value as to any actual issue in this case.
This case is indistinguishable, in my view, from Turner v. State, 929 So.2d 1041 (Ala. Crim. App. 2005).

The judgment in Garcia-Rosa was vacated, on other grounds, sub nom. Rivera-Feliciano v. United States , 498 U.S. 954, 111 S.Ct. 377, 112 L.Ed.2d 391 (1990).