PER CURIAM.
The appellant, Zachary Blake Walden, was convicted of unlawful possession of marijuana in the first degree, a violation of § 13A-12-213, Ala. Code 1975, and unlawful possession of drug paraphernalia, a violation of § 13A-12-260, Ala. Code 1975. The circuit court sentenced Walden to 97 months' imprisonment for the unlawful-possession-of-marijuana conviction and 1 year in jail for the unlawful-possession-of-drug-paraphernalia conviction. Walden was further ordered to pay $2,000 in fines, $100 to the Crime Victims Compensation Fund, $100 to the Department of Forensic Sciences, a $2,000 drug-demand-reduction fee, and court costs.
Walden does not challenge the sufficiency of the evidence on appeal. Therefore, a brief recitation of the facts is all that is *9 necessary in this case. On March 8, 2011, Elba Police Officer Alva Carlson received a complaint about a "reckless driver coming down [Highway] 29 from Andalusia towards Gantt"; the report indicated that the driver was a black male and that he was driving a blue vehicle with a "helping schools" tag. (R. 37.) Officer Carlson drove in that direction and saw a vehicle matching the description parked at a house on Deer Run Road. Officer Carlson pulled up behind the vehicle and noticed Walden sitting in the front passenger seat. Walden exited the vehicle and asked Officer Carlson if there was a problem. Walden then closed the passenger door, despite Officer Carlson's demands to leave it open. After Walden closed the door, the driver of the vehicle began to drive away without Walden. Officer Carlson ordered Walden to sit down and wait while he followed and stopped the vehicle.
Officer Carlson yelled at the driver to stop several times and followed the vehicle onto a dirt road. As Officer Carlson followed the vehicle, he saw the driver throw a red cooler out the passenger side window. Officer Carlson turned on his lights and siren and noted that the "driver mashed the gas and refused to stop." (R. 39.) After a brief pursuit, the driver stopped the vehicle and fled the area on foot; he was subsequently apprehended with the assistance of another officer.
After arresting the driver, officers retrieved the red cooler and discovered a large bag of what was later determined to be marijuana inside. Officer Greg Jackson with the 22nd Judicial Circuit Drug Task Force testified that he was able to smell marijuana coming from the cooler before opening it. The names "Walden" and "Jimmy Kirkland" were written on the outside of the cooler along with some other numbers. (R. 44, 67.) Officers later searched the vehicle and discovered a coffee can containing several bags of marijuana on the passenger-side floorboard.
Officer Carlson transported the driver to the Covington County jail and then returned to the house on Deer Run Road. When Officer Carlson asked to speak to Walden, a woman who identified herself as Walden's mother informed him that Walden was not there anymore. Walden was later arrested.
Before the State rested, it informed the circuit court that it intended to introduce evidence of two convictions - a 2009 conviction for first-degree possession of marijuana in Dale County and a 2009 conviction for the unlawful distribution of a controlled substance (marijuana) in Covington County - under Rule 404(b), Ala. R. Evid., in order to show that Walden had the intent to possess the marijuana seized in this case. Defense counsel objected to the introduction of the convictions. After a discussion with the attorneys and over Walden's objection, the circuit court ruled that the State could introduce evidence of Walden's conviction for the unlawful distribution of a controlled substance for the purpose of showing "intent and knowledge as part of that constructive possession charge." (R. 118-19.) The circuit court sustained Walden's objection to the introduction of his conviction for possession of marijuana in the first degree. The State then offered a certified copy of Walden's 2009 conviction for the unlawful distribution of a controlled substance and the warrant affidavit regarding that conviction.
Later, the circuit court charged the jury and stated: "I charge you, ladies and gentlemen of the jury, that evidence of other crimes, wrongs, or acts is admissible to prove the defendant's intent and knowledge at the time of the alleged offense." (R. 141.)
After both sides rested and the circuit court instructed the jury on the applicable *10 principles of law, the jury found Walden guilty of unlawful possession of marijuana in the first degree and unlawful possession of drug paraphernalia. This appeal followed.
Walden's sole contention on appeal is that the circuit court erred when it allowed evidence in violation of Rule 404(b). Specifically, Walden argues that the circuit court committed reversible error when it allowed the State to present evidence of his prior conviction for unlawful distribution of a controlled substance.
"The admission or exclusion of evidence is a matter within the sound discretion of the trial court." Taylor v. State, 808 So.2d 1148, 1191 (Ala. Crim. App. 2000), aff'd, 808 So.2d 1215 (Ala. 2001). "The question of admissibility of evidence is generally left to the discretion of the trial court, and the trial court's determination on that question will not be reversed except upon a clear showing of abuse of discretion." Ex parte Loggins, 771 So.2d 1093, 1103 (Ala. 2000). This is equally true with regard to the admission of collateral-act evidence. See Davis v. State, 740 So.2d 1115, 1130 (Ala. Crim. App. 1998); see also Irvin v. State, 940 So.2d 331, 344-46 (Ala. Crim. App. 2005). In a discussion of collateral-act evidence, this Court stated: "If the defendant's commission of another crime or misdeed is an element of guilt, or tends to prove his guilt otherwise than by showing of bad character, then proof of such other act is admissible." Saffold v. State, 494 So.2d 164 (Ala. Crim. App. 1986).
Rule 404(b), Ala. R. Crim. P., provides:
"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
In the instant case, Walden's knowledge of the presence of marijuana was central to his charge and to the State's theory of constructive possession. See Poole v. State, 645 So.2d 330, 332 (Ala. Crim. App. 1994)("When relying on constructive possession, the state must show the defendant had knowledge of the presence of the drugs at the place from which they were seized."). Furthermore, Walden placed his connection and knowledge of the marijuana at issue through his cross-examination of the State's witnesses. (R. 76.) Walden's previous conviction was for the unlawful distribution of a controlled substance, specifically marijuana. This conviction showed that Walden was familiar with the smell of marijuana and that he had knowledge that there was marijuana inside of the cooler and coffee can when he sat in the passenger seat of the vehicle.
However, the fact that evidence of a prior bad act may fit into one of these exceptions will not alone justify the admission of that evidence.
"`"Judicial inquiry does not end with a determination that the evidence of another crime is relevant and probative of a necessary element of the charged offense. It does not suffice simply to see if the evidence is capable of being fitted within an exception to the rule. Rather, a balancing test must be applied. The evidence of another similar crime must not only be relevant, it must also be reasonably necessary to the government's case, and it must be plain, clear, and conclusive, before its probative value will be held to outweigh its potential prejudicial effects.'" Averette v. State, 469 So.2d 1371, 1374 (Ala. Crim. App. 1985), quoting United States v. Turquitt, [557 F.2d 464] at 468-69 [(5th Cir. 1977)]."
*11 Ex parte Jackson, 33 So.3d 1279, 1285 (Ala. 2009)(quoting Robinson v. State, 528 So.2d 343, 347 (Ala. Crim. App. 1986).
Although, the evidence of Walden's previous conviction was prejudicial, it was necessary to the State's case. The certified copy of Walden's previous conviction was plain, clear, and conclusive. Therefore, the probative value of the evidence substantially outweighed any danger of unfair prejudice. See Rule 403, Ala. R. Evid. Furthermore, the alleged prejudice to Walden was alleviated by the circuit court's instruction to the jury. Accordingly, the circuit court did not err in determining that evidence of Walden's previous conviction for the unlawful distribution of a controlled substance.
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
Windom, P.J., and Burke and Joiner, JJ., concur; Welch, J., dissents, with opinion; Kellum, J., not sitting.