BRYAN, Justice (dissenting).
I respectfully dissent.
This case arises from Zachary Blake Walden's convictions for unlawful possession of marijuana in the first degree and unlawful possession of drug paraphernalia. The facts were summarized in the Court of Criminal Appeals' opinion:
"On March 8, 2011, Elba Police Officer Alva Carlson received a complaint about a `reckless driver coming down [Highway] 29 from Andalusia towards Gantt; the report indicated that the driver was a black male and that he was driving a blue vehicle with a `helping schools' tag. Officer Carlson drove in that direction and saw a vehicle matching the description parked at a house on Deer Run Road. Officer Carlson pulled up behind the vehicle and noticed Walden sitting in the front passenger seat. Walden exited the vehicle and asked Officer Carlson if there was a problem. Walden then closed the passenger door, despite Officer Carlson's demands to leave it open. After Walden closed the door, the driver of the vehicle began to drive away without Walden. Officer Carlson ordered Walden to sit down and wait while he followed and stopped the vehicle.
"Officer Carlson yelled at the driver to stop several times and followed the vehicle onto a dirt road. As Officer Carlson followed the vehicle, he saw the driver throw a red cooler out the passenger side window. Officer Carlson turned on his lights and siren and noted that the `driver mashed the gas and refused to stop.' After a brief pursuit, the driver stopped the vehicle and fled the area on foot; he was subsequently apprehended with the assistance of another officer.
"After arresting the driver, officers retrieved the red cooler and discovered a large bag of what was later determined to be marijuana inside. Officer Greg Jackson with the 22nd Judicial Circuit Drug Task Force testified that he was able to smell marijuana coming *3 from the cooler before opening it.[2] The names `Walden' and `Jimmy Kirkland' were written on the outside of the cooler along with some other numbers. Officers later searched the vehicle and discovered a coffee can containing several bags of marijuana on the passenger-side floorboard.
"Officer Carlson transported the driver to the Covington County jail and then returned to the house on Deer Run Road. When Officer Carlson asked to speak to Walden, a woman who identified herself as Walden's mother informed him that Walden was not there anymore. Walden was later arrested.
"Before the State rested, it informed the circuit court that it intended to introduce evidence of two convictions - a 2009 conviction for first-degree possession of marijuana in Dale County and a 2009 conviction for the unlawful distribution of a controlled substance (marijuana) in Covington County - under Rule 404(b), Ala. R. Evid., in order to show that Walden had the intent to possess the marijuana seized in this case. Defense counsel objected to the introduction of the convictions. After a discussion with the attorneys and over Walden's objection, the circuit court ruled that the State could introduce evidence of Walden's conviction for the unlawful distribution of a controlled substance for the purpose of showing `intent and knowledge as part of that constructive possession charge.' The circuit court sustained Walden's objection to the introduction of his conviction for possession of marijuana in the first degree. The State then offered a certified copy of Walden's 2009 conviction for the unlawful distribution of a controlled substance and the warrant affidavit regarding that conviction.[3]
"Later, the circuit court charged the jury and stated: `I charge you, ladies and gentlemen of the jury, that evidence of other crimes, wrongs, or acts is admissible to prove the defendant's intent and knowledge at the time of the alleged offense.'
"After both sides rested and the circuit court instructed the jury on the applicable principles of law, the jury found Walden guilty of unlawful possession of marijuana in the first degree and unlawful possession of drug paraphernalia."
Walden v. State, 241 So.3d 8, 9-10 (Ala. Crim. App. 2016) (record citations omitted). Walden appealed to the Court of Criminal Appeals, arguing that the circuit court erred by admitting evidence of his prior conviction for unlawful distribution of a controlled substance. A majority of the Court of Criminal Appeals disagreed and affirmed the circuit court's judgment. Judge Welch dissented, concluding that evidence of Walden's prior conviction should have been excluded and that the case presented "a textbook example" of why Rule *4 404(b), Ala. R. Evid., exists. 241 So.3d at 11 (Welch, J., dissenting). Walden then petitioned this Court for a writ of certiorari, and we granted that petition.
The issue in this case is whether, under Rule 404(b), the circuit court properly admitted evidence of Walden's prior conviction for unlawful distribution of a controlled substance. More specifically, the issue is whether, under Rule 404(b), that evidence was properly admitted to show that Walden knew that there was marijuana in the vehicle and that he intended to possess the marijuana. Whether Walden had knowledge of the marijuana and whether he intended to possess it were central to the State's theory that Walden constructively possessed the marijuana. In reviewing a circuit court's decision on the admissibility of evidence, this Court will reverse a judgment only upon a clear showing that the circuit court exceeded its discretion. Ex parte Loggins, 771 So.2d 1093, 1103 (Ala. 2000).
Rule 404(b) prevents the State from relying on a defendant's past acts to prove the defendant's present guilt. Rule 404(b) provides, in pertinent part:
"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...."
Evidence of a prior conviction, therefore, is admissible only to show something besides the character of the defendant in order to show action in conformity therewith - such as knowledge or intent. But for evidence of a prior conviction to be admissible to show knowledge or intent, that conviction must have a probative factual connection to the present case.
Ex parte Casey, 889 So.2d 615 (Ala. 2004), is illustrative. The Court first discussed the rationale for the exclusionary rule found in Rule 404(b):
"Long before the adoption and effective date of Rule 404(b) on January 1, 1996, the exclusionary rule was explained and followed in our caselaw. The adoption of Rule 404(b) did not abrogate our prior caselaw on the exclusionary rule. Hunter v. State, 802 So.2d 265 (Ala. Crim. App. 2000). Our caselaw explains the purpose of the exclusionary rule:
"`The general rule is that in criminal prosecutions, evidence of prior criminal acts is not admissible since the only facts to be laid before the jury should consist exclusively of the transaction which forms the subject of the indictment, and which alone the defendant is called on to answer.
"`This rule, however, is subject to some well recognized exceptions. Evidence of other distinct criminal acts is admissible when relevant to the crime charged, as bearing on scienter, intent, motive, res gestae, or to establish the identity of the accused.... The authorities also recognize such an exception to show system or plan usually to identify the accused or to show intent. But even under the exceptions noted they or one of them is admissible only when the evidence is relevant to the crime charged.'"
889 So.2d at 617-18 (quoting Garner v. State, 269 Ala. 531, 533, 114 So.2d 385, 386 (1959)(emphasis added in Ex parte Casey)).
In Ex parte Casey, this Court held that the defendant's prior convictions for theft of property and unauthorized use of a credit card were inadmissible to prove either that he had knowledge of the presence *5 of stolen items found in his girlfriend's apartment and car or that he intended to exercise control over those items. The Court stated:
"The record, which contains none of the factual specifics of the defendant's prior convictions, discloses no logical connection between his prior theft or his prior unauthorized use of a credit card and his knowledge of the presence, ownership, or stolen character of any of the items he was being tried for receiving in the case now before us. That is, the defendant's mere knowledge that the property he previously had been convicted of stealing or the credit card he had previously been convicted of using without authority belonged to some other persons would not, in the absence of some evidence of connecting facts, supply the defendant with knowledge of the presence, ownership, or stolen character of items found five years later in his girlfriend's apartment and car and would not enable him to differentiate between items there which were stolen and items there which were not stolen. In other words, the record reveals no identity or connection between what the defendant knew or learned in his prior crimes and what he knew or learned about the items in his girlfriend's apartment or car."
889 So.2d at 621. Notably, the Court in Ex parte Casey distinguished the facts in that case from those in Karr v. State, 491 So.2d 1073 (Ala. Crim. App. 1986), in which a defendant's prior receiving-stolen-property conviction was held to be admissible to prove scienter in a subsequent receiving-stolen-property case involving the same parties. Further, the Court distinguished Karr from Stephens v. State, 53 Ala.App. 371, 300 So.2d 414 (1974), in which a defendant's prior receiving-stolen-property conviction was inadmissible to show scienter because the then present charge against him involved different parties.
Turner v. State, 929 So.2d 1041 (Ala. Crim. App. 2005), is also illustrative. In that case, the defendant was on trial for possession of cocaine. As in the present case, the State argued that the defendant had constructively possessed the drug. There was evidence indicating that the defendant had driven a passenger to retrieve a bag of cocaine the passenger had earlier discarded while the two were fleeing from police. The trial court admitted evidence of the defendant's prior conviction for possession of cocaine. In the prior case, the defendant swallowed $200 worth of cocaine because he was afraid of being caught by the police with cocaine. The Court of Criminal Appeals concluded that the trial court erred in admitting the evidence of the prior conviction:
"The record discloses no logical connection between Turner's prior conviction and the present charge. That is, the defendant's prior conviction for possession of cocaine would not, in the absence of some connecting facts, supply the defendant with the knowledge of the presence of cocaine in his vehicle, the subject of the instant offense. Except for the tendency, condemned by Rule 404(b), `to show action in conformity therewith,' the record before us discloses no logical connection between the defendant's obvious knowledge of cocaine generally, as evidenced by his prior conviction, and his knowledge of the presence of cocaine in his vehicle, or his intent to possess that cocaine, which were the primary issues in the present case."
Turner, 929 So.2d at 1045.
Thus, for evidence of a prior conviction to be admissible under Rule 404(b), the conviction must have a probative factual connection to some issue in the present case. Such a connection was not established here.
*6 The State contends that the circuit court properly admitted evidence of Walden's prior conviction to show knowledge of the presence of marijuana in the vehicle and the intent to possess it. Regarding knowledge, the Court of Criminal Appeals concluded that the prior conviction "showed that Walden was familiar with the smell of marijuana and that he had knowledge that there was marijuana inside of the cooler and coffee can when he sat in the passenger seat of the vehicle." 241 So.3d at 10. That determination seems to be based on an implicit conclusion based, in turn, on Officer Jackson's testimony. Officer Jackson testified that, when Officer Carlson handed him the cooler, which had been in some unspecified place in the vehicle before the driver threw it from the vehicle while fleeing, he could smell the packaged marijuana in the cooler before opening it. The implicit conclusion is that, based on Officer Jackson's testimony, there was evidence indicating that the smell of marijuana was present in the vehicle when Walden had been sitting in the parked vehicle. Thus, the reasoning goes, Walden's prior conviction is relevant to show that he recognized the smell of marijuana in the vehicle and, therefore, that he knew that it was there.
In my opinion, the admissibility of the prior-conviction evidence comes down to this key point: The only evidence of Walden's prior conviction actually submitted to the jury was the case-action summary stating that Walden had been convicted of unlawful possession of a controlled substance, but that case-action summary did not specify the identity of the controlled substance. The simple fact that Walden was convicted of possessing an unspecified controlled substance does not establish any factual connection relevant to whether he knew there was marijuana in containers in the vehicle. I reach the same conclusion regarding whether evidence of the prior conviction established the necessary factual connection relevant to Walden's intent to possess the marijuana. The Court of Criminal Appeals did not specifically discuss the intent exception in its analysis, as it did the knowledge exception. The mere fact of Walden's prior conviction is not relevant to whether he knew about the presence of the marijuana in the vehicle or whether he intended to possess it. The evidence before the jury contained no connecting facts making Walden's prior conviction relevant to the issues of Walden's knowledge and intent. Therefore, the circuit court erred by admitting the evidence of Walden's prior conviction.[4]
Further, the admission of the evidence was prejudicial. The jury heard evidence that could only be used to draw the improper inference that, because Walden had previously committed a crime, he committed the crime charged in the present case. This is precisely the type of evidence Rule 404(b) is intended to keep out. Moreover, the limiting instruction given by the circuit court to the jury did not eliminate the prejudicial effect of the admission, as Judge Welch observed in his dissent below:
"The majority states that the prejudice alleged by Walden `was alleviated by the circuit court's instruction to the jury.' 241 So.3d at 11. The circuit court instructed the jury `that evidence of other *7 crimes, wrongs, or acts is admissible to prove the defendant's intent and knowledge at the time of the alleged offense.' The instruction eliminated none of the prejudice. In Ex parte Casey, 889 So.2d 615 (Ala. 2004), the Alabama Supreme Court held that evidence of Casey's prior convictions for theft and the unauthorized use of a credit card should not have been admitted during his trial on a charge of receiving stolen property because the evidence should have been excluded under Rule 404(b). The Court further held that the evidence served only to suggest that, because Casey `had harbored the dishonest intent that constituted essential elements of his prior crimes, he must have harbored the dishonest intent that constituted essential elements of the crimes' for which he was then on trial. Id. at 621. The Alabama Supreme Court held that the error was not harmless because, the Court said, the evidence tended only to show that he probably committed the crime for which he was being tried because he had committed a similar crime previously. `The erroneous admission of the defendant's prior convictions into evidence substantially increased the likelihood that he would be convicted on at least some of the numerous counts then being tried, as he was.' Id. at 622. The Alabama Supreme Court then discussed the jury charge on the prior bad act:
"`The "limiting" instruction given by the trial court to the jury did not ameliorate the prejudicial effect of the erroneous admission of the defendant's prior convictions. Indeed, the instruction contradicted itself and exacerbated the prejudice. While the trial judge told the jurors they could not consider the prior convictions "as evidence that [the defendant] committed the now-charged crimes," the trial judge, in the same breath, told the jurors they could consider the prior convictions "as evidence of the elements of knowledge and intent" (emphasis added) of the now-charged crimes, and, thus, in legal and practical effect, that they could consider the prior convictions "as evidence that [the defendant] committed the now-charged crimes." In other words, considering the prior convictions as evidence of the elements of "the now-charged crimes" is the same as considering the prior convictions as evidence of the commission of "the now-charged crimes.'"
"Id.
"The trial court's charge in this case also allowed the jurors to consider Walden's prior conviction as evidence of the elements of knowledge and intent, both of which were necessary to prove the charges for which he was on trial. As in Ex parte Casey, the erroneous admission of Walden's prior conviction cannot be considered harmless error...."
Walden, 241 So.3d at 14-15 (Welch, J., dissenting) (record citations omitted).
Thus, the circuit court should not have admitted evidence of Walden's prior conviction, and the admission of that evidence prejudiced Walden. Therefore, I respectfully dissent.
Murdock and Shaw, JJ., concur.

Officer Carlson retrieved the discarded cooler, which he later gave to Officer Jackson. Officer Jackson testified that, as soon as Officer Carlson handed him the cooler, he could smell the marijuana in the cooler before opening it.

The case-action summary admitted into evidence indicated that Walden previously had been convicted of unlawful distribution of a controlled substance, but it did not identify that controlled substance. The State also attempted to have admitted a warrant affidavit that specified that Walden had been convicted of distributing marijuana. The circuit court did not allow that warrant affidavit to go to the jury, but the circuit court stated that the warrant affidavit would become part of the record for the limited purpose of providing documentation for the arguments made regarding the admissibility of the prior-conviction evidence.

I note that, even if evidence of a prior conviction falls within one of the exceptions found in Rule 404(b), the evidence still may be inadmissible. To be admissible, the probative value of the evidence must outweigh its potential prejudicial effect by being reasonably necessary to the State's case and by being plain, clear, and conclusive. Ex parte Jackson , , 1285 (Ala. 2009). However, it is unnecessary to discuss this additional hurdle in light of the analysis above.